*Decision will be entered under Rule 50.*

ALFRED F. PILLSBURY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37237.   Promulgated May 28, 1930.

*James B. Templeton, Esq.,* for the petitioner.
*Philip A. Bayer, Esq.,* for the respondent.

1232

SEAWELL: The Commissioner held that income of the trust which was used for the purpose of paying premiums on petitioner's life insurance policies is taxable to the petitioner under the provisions of section 219 (h) of the Revenue Acts of 1924 and 1926 which reads as follows:

Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 214), such part of the income of the trust shall be included in computing the net income of the grantor.

The contention of the petitioner is that because of the broad powers granted to the trustee under the trust agreement and the completeness of the transfer of the securities to the trustee, the foregoing statutory provision is not applicable to the situation with which we are concerned. In our opinion, the petitioner's position is not well taken. Whatever may be said as to the powers and rights conferred upon the trustee with respect to the insurance policies and the securities, the fact remains that all of this was done for one primary purpose, namely, the creation of a trust through which the premiums on petitioner's life insurance policies would be paid. There is nothing in the statute to the effect that it is applicable only in the case of a revocable trust, but rather the broad language is used that "where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor * * * such part of the income of the trust shall be included in computing the net income of the grantor." The exception to the foregoing provision is where an irrevocable trust is created for certain charitable purposes, but we are not concerned with a trust created for such purposes. Here we have the petitioner as grantor creating a trust the income from which is to be used to pay the premiums on his own life insurance policies. The only income of the trustee is interest on a promissory note of the petitioner, which interest is paid by the petitioner to the trustee who in turn uses this interest to pay the premiums and then turns the excess (except for a small amount of trust expenses) back to the petitioner. That is, in effect the petitioner is seeking through the medium of a trust to have insurance premiums allowed as a

deduction from gross income when such deduction could not be allowed if the premiums had been paid directly by petitioner himself. In however good faith the trust may have been created, it is plain that a failure to tax the income arising therefrom would be contrary to the express provisions of section 219 (h), *supra*, and in direct conflict with the stated purpose of both the Senate and House in effecting its enactment, namely, " to prevent the evasion of taxes by means of estates and trusts." (See House Report No. 179, Committee on Ways and Means, p. 21, and Senate Report No. 398, Committee on Finance, p. 25.) The statement of petitioner's counsel that he (petitioner) derives " no benefits from the income which is used to pay the premiums on the said life insurance policies as he no longer has any rights or benefits under the said policies," is little more persuasive than the statement that premiums on life insurance policies should be allowed as a deduction because some one other than the person paying such premiums is benefited thereby. Here, as in many cases, the petitioner's wife is the real and ultimate beneficiary under the policies in question, and payments for such a purpose are personal in character and therefore not deductible from gross income.

Nor are we able to agree with petitioner's contention that if section 219 (h) would require the income of the trust here involved to be taxed to the petitioner, such statutory provision is unconstitutional. This contention is based on the reasoning that the section is so " arbitrary and capricious as to amount to confiscation as it shifts the burden of tax from the person benefited to those who have no beneficial interest in the income taxed," and therefore offensive to the Fifth Amendment. A case involving this section was passed upon by the court in *Corliss* v. *Bowers*, 30 Fed. (2d) 135 affd. 34 Fed. (2d) 656; and 281 U. S. 376, wherein the constitutionality of the section was upheld. It is true that the situation there presented involved income from a revocable trust whereas in the case at bar the trust instrument contains no provision for revocation, but much of the reasoning used by the court in reaching its conclusion is here applicable. Suffice it to say that we find nothing arbitrary and capricious in the application of the statute to the situation before us. Certainly, Congress intended that the income of an individual should be taxed without the allowance of a deduction for insurance premiums which were in the nature of personal, family or living expenses, and that, in the final analysis, is all that is being accomplished in the circumstances of this case. The burden is no more shifted from the person benefited to the person who has no beneficial interest in the income to be taxed than is true in the usual case where an insurance premium is not allowed as

a deduction. It would be equally logical to say that a failure to allow a life insurance premium deduction amounted to confiscation where the insured and payor made the payment only for the benefit of another person.

Congress concededly has power to enact legislation appropriate for enforcing a general scheme of lawful taxation, including the prevention of tax evasion. And if the taxation involves reasonableness, it is valid. *Nichols* v. *Coolidge*, 274 U. S. 531, and *Taft* v. *Bowers*, 278 U. S. 470. The purpose of the statute here involved was to prevent tax evasion and we find nothing unreasonable in its application to the case before us. Accordingly, we are of the opinion that its constitutionality should be upheld. See *Frederick B. Wells*, 19 B. T. A. 1213.

Reviewed by the Board.

*Judgment will be entered for the respondent.*