IRENEE DU PONT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41368. Promulgated August 6, 1930.

*Kingman Brewster, Esq.*, and *J. S. Y. Ivins, Esq.*, for the petitioner.

*F. R. Shearer, Esq.*, for the respondent.

OPINION.

BLACK: The taxable years involved in this proceeding are 1924, 1925, and 1926 and hence are governed by the Revenue Acts of 1924 and 1926. Under section 219 of each of these acts it is provided that the tax shall be computed upon the net income of the estate or trust and shall be paid by the fiduciary, except under certain conditions prescribed in subdivisions (g) and (h) of said section.

In this proceeding we are not concerned with subdivision (g) and only with that part of subdivision (h) which reads as follows:

Where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 214), such part of the income of the trust shall be included in computing the net income of the grantor.

The petitioner was the grantor of the trusts involved in this proceeding, the part of the income of the trusts upon which the deficiencies are based was used to pay premiums on policies of insurance on the life of the grantor, and respondent has included the amount of such premiums in computing the net income of the grantor for the respective taxable years, as is provided in section 219 (h).

Petitioner attacks this determination of respondent on the following grounds: (1) subdivision (h) of section 219 has no application to the income of an irrevocable trust; (2) even if the language of the subdivision does have application to an irrevocable trust, it does not have any application to an irrevocable trust created prior to the enactment of such subdivision; and (3) if said subdivision (h) of section 219 does have the application contended for by the Commissioner, it is unconstitutional and void because it is violative of the Fifth Amendment to the Constitution of the United States. Similar contentions have already been fully considered by the Board in *Frederick B. Wells*, 19 B. T. A. 1213, and *Alfred F. Pillsbury*, 19 B. T. A. 1229, and decided adversely to the contentions made by petitioner. See also *Corliss* v. *Bowers*, 281 U. S. 376.

Counsel for petitioner lay considerable stress in their brief on their contention that petitioner was under no obligation to pay premiums on the insurance policies assigned to the trustee, and that since the evidence shows that the policies had been irrevocably assigned to the trustee, the petitioner no longer had any interest in them. It is of course true that in an ordinary insurance policy the insured is under no legal obligation to pay the premiums due on the policy. If he fails to make the payments within the time prescribed in the policy, it lapses. But if he wants to keep the policies alive and in force he must make payment of the premiums. The policies of insurance involved in this proceeding were for the benefit of petitioner's wife and nine children. Evidently it was the desire of the petitioner to keep these policies alive and in full force. The expense involved in the payment of life insurance premiums by a husband and father on policies for the benefit of his wife and children is regarded as a personal expense under the internal revenue laws, and is not an allowable deduction in determining the net income of the taxpayer. If, by the method used in this proceeding, the petitioner can transfer to a trust the burden of paying these in-

surance premiums and secure the deduction that way, in so far as payment of surtax is concerned, then he has accomplished by indirect means that which the law would not permit him to accomplish directly. It was this sort of thing which Congress sought to prevent when it enacted the part of subdivision (h) of section 219, Revenue Acts of 1924 and 1926, which we have quoted at the beginning of this opinion.

Under the authorities above cited,

*Judgment will be entered for the respondent.*