EDWARD J. LUCE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WALTER A. KIPP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 25878, 25879. Promulgated January 27, 1930.

*Edward J. Luce, Esq.*, for the petitioners.
*L. A. Luce, Esq.*, for the respondent.

924

OPINION.

ARUNDELL: The substance of the argument being made by the petitioners is that the declarations of trust created in favor of their respective wives an equitable estate in one-half of the capital assets and profits of the partnership. Petitioner Luce also contends that the declaration of trust he executed on March 5, 1921, gave his wife

such an interest in his "earning capacity" other than as a member of the partnership.

No consideration need be given to the question of whether or not the wives of the petitioners were members of the partnership in the taxable year. Neither petitioner now claims that their declarations of trust had the effect of introducing the wives into the firm as partners. The petitions allege, and the respondent's answers admit, that during 1922 and for more than five years prior thereto, they were entitled to the net profits of the partnership on the basis of 52 per cent to Luce and the balance to Kipp.

The declarations of trust merely recite that from the date of their execution one-half of the net profits and other income which would otherwise accrue to the petitioners as members of the partnership "shall accrue to me as trustee for the use and benefit of my wife." The only change the instruments effected in the manner of distributing the firm's earnings was to make such profits as had accrued to each partner at the end of the year payable to them as trustees for their wives instead of to them individually, as theretofore. Upon the receipt of any partnership profits the petitioners were to account to their wives as trustees for such sums as were received. What the wives acquired under the declarations was a right to receive from their respective husbands one-half of the income they received as the sole partners of Luce and Kipp.

The case as thus presented to us comes squarely within *Ormsby McKnight Mitchel*, 1 B. T. A. 143 (9 Fed. (2d) 414; 15 Fed. (2d) 287; certiorari denied, 273 U. S. 759), wherein we said:

Clearly, under the statute, the income derived by the partnership must be returned for taxation as the income of the respective partners in accordance with their distributive shares and can not be diverted to become the income of someone else by agreement or otherwise.

\*          \*          \*          \*          \*          \*          \*

The income from taxpayer's interest in the partnership is first income to him, and no matter how he tries to dispose of it or does dispose of it, it is taxable to him as income from his interest therein. It does not alter the situation to say that as soon as income arises in the partnership at that instant it becomes the property of the grantee, as this is mere assertion.

The fact that the trusts here are irrevocable and therefore not subject to cancellation such as was the case of the assignment in the *Mitchel* proceeding, does not affect the situation. *Charles F. Colbert, Jr.*, 12 B. T. A. 565, decided on the authority of the *Mitchel* case.

The same conclusion must be reached as to the income under the declaration of trust executed by Luce on March 5, 1921. It merely gave Luce's wife the right to receive one-half of such income as accrued to him for services performed other than as a partner of

Kipp in the law firm. She acquired no property rights in the earning capacity of her husband. Until he received income her rights were "upon the contract and not *in rem*." *Mitchell* v. *Bowers*, 15 Fed. (2d) 287. See also *J. V. Leydig*, 15 B. T. A. 124, and *Bing* v. *Bowers*, 22 Fed. (2d) 450; affd., 26 Fed. (2d) 1017.

The petitioners cite and rely on a number of decisions, both by the courts and the Board, among which are *O'Malley Keyes* v. *Eaton*, 24 Fed. (2d) 436; *Young* v. *Gnichtel*, 28 Fed. (2d) 789; *C. R. Thomas*, 8 B. T. A. 118; *William I. Paulson*, 10 B. T. A. 732; and *William W. Parshall*, 7 B. T. A. 318. Whatever may be said for the holdings in these cases and others cited by the petitioners, none go so far as to say that a man may relieve himself from paying a tax on his salary or earnings received for personal services rendered by him by reason of a contract with his wife that one-half of what he may earn is to be turned over to her, and the result is no different where the end sought to be accomplished is by way of a declaration of trust such as is present in the instant cases.

*Decision will be entered for the respondent.*

*W. W. Furnell, C. P. A.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.