JOHN LEO STACK, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 40888.    Promulgated March 11, 1931.

*George H. Koster, Esq.*, for the petitioner.
*M. B. Leming, Esq.*, for the respondent.

708.

710

OPINION.

McMahon: In the instant proceeding the petitioner contends that by his letter of December 31, 1921, he made a valid and completed gift to his wife and children of three-fourths of his interest under the Pioneer Oil Company contract, and that when he sold such interest to the Mammoth Oil Company three-fourths of the amount received under that contract was taxable income to his wife and children and not to him.

Upon an examination of all the various contracts and petitioner's letter, it is clear that the interest in the leases that the petitioner received from Doheny in the first place was compensation for services rendered, and that his right to receive 10 per cent of the net profits " if successful in our efforts " was nothing more than a right to receive future income. By the contract with the Pioneer Oil Company the contract with Doheny was canceled and the petitioner was given a " full and undivided 5 per cent interest in any contract or contracts which they may obtain." In his letter to his wife of the same date the petitioner granted to his wife and children a percentage of " my interest in, and whatever may accrue as a result of, this contract I have this day entered with these companies."

On September 25, 1922, the petitioner entered into a contract with the Mammoth Oil Company by which he was granted an option to sell to it his interest under the Pioneer Oil Company contract. This option was exercised and the Mammoth Oil Company made the payment of $750,000 in notes, some of which were sold during the taxable year. The only question in this case is whether, upon such sale, the entire proceeds should be included in the petitioner's gross income, or whether three-fourths may be returned by his wife and children in accordance with petitioner's letter of December 31, 1921. The petitioner and his wife testified that after December 31, 1921, they both recognized her interest and that of the children in accordance with the letter, and that they considered the terms of the letter still in force. Conceding that the petitioner intended to make a gift of a part of his interest and that his wife knew of it and accepted the gift, it is at most a gift of future income. It does not appear that the leases from which the income was expected to arise were in existence. The petitioner contends at length that this was a transfer of property interests; that the contract with the Mammoth Oil Company

was a sale of property interests, and that the amounts received therefrom and distributed by the petitioner to his wife and children are not taxable income of the petitioner. We fail to see how the petitioner had any property interests to transfer. As we have stated above, all that he had was a right to receive a share of the profits if and when the leases could be obtained upon the property. The Board and courts have held that the assignment of future income alone can not operate to relieve the assignor of tax liability. See *Corlis* v. *Bowers*, 281 U. S. 376; *Edward J. Luce*, 18 B. T. A. 923; *Bing* v. *Bowers*, 26 Fed. (2d) 1017; and *Mitchel* v. *Bowers*, 15 Fed. (2d) 287.

Another reason is that the amounts received were in the nature of compensation for services rendered, and the Supreme Court of the United States has held that the recipient of salary can not give or assign his right to receive such salary so as to relieve himself of tax liability thereon. See *Lucas* v. *Earl*, 281 U. S. 111.

Reviewed by the Board.

*Judgment will be entered for the respondent.*