*535 OPINION.
McMahon:
The question presented is whether the respondent erred in including in petitioner’s taxable income for the year 1926 the amount of $47,180.28, which was paid to petitioner’s wife as a result of petitioner’s unqualified assignment to her of an undivided one-half interest in the contract of November 5,1923, with Estelle G. Howland.
Despondent takes the position that the income in question constitutes compensation paid by or on behalf of Mrs. Howland to petitioner for his personal services as attorney, and contends that such income was first taxable income to petitioner, citing Lucas v. Earl, 281 U. S. 111.
After carefully considering the evidence in the instant proceeding, we are of the opinion that the income in question amounted to compensation paid to the petitioner for personal services rendered to Mrs. Howland. It is true that petitioner regarded his a nominal representation and there was an understanding, among all the parties concerned in the suit, that petitioner should not be required to render further services with regard to the prosecution of the suit after the contract was entered into. Petitioner did not in fact render services after such time, but the evidence discloses that prior to the time the contract was entered into petitioner had rendered some professional services. At the time of the agreement petitioner still represented Mrs. Howland as attorney. At the suggestion of Campbell to petitioner that Mrs. Howland was entitled to a substantial interest in the trust estate, petitioner conferred with her, and brought Campbell and Fischer into the contemplated litigation in her behalf. It is reasonable to infer that he gave her some advice upon the subject. He was present at the conference when it was decided to proceed with the litigation. Under the agreement in question Mrs. Howland agreed *536 that the attorneys, including petitioner, should receive an amount equal to 40 per cent of any money or property she might be awarded as full compensation for services. The case, then, falls within the principle laid down in Lucas v. Earl, supra, wherein it was held that under the Eevenue Acts of 1918 and 1921 income derived from salaries, wages or compensation for personal services is taxable to the person earning the same, even though there was a preexisting arrangement between such person and his wife to the effect that all such income should be treated as owned by them as joint tenants. The Eevenue Act of 1926, with which we are here concerned, is not different in this regard from the Eevenue Acts of Í 918 and 1921. See sections 210, 211, 212(a) and 213 (a) of the Eevenue Act of 1926. To the same effect, in principle, are Edward J. Luce, 18 B. T. A. 923, and John Leo Stack, 22 B. T. A. 707.
The petitioner cited Copland v. Commissioner, 41 Fed. (2d) 501; Eugene Seigel, Executor, 20 B. T. A. 563; Rosenwald v. Commissioner, 33 Fed. (2d) 423; and Shellaberger v. Commissioner, 38 Fed. (2d) 566. However, those cases are clearly distinguishable from the instant proceeding, since they did not deal with the assignment of income derived from salaries, wages, or compensation for personal services.
We hold that the respondent did not err in including the amount in question in petitioner’s taxable income.
Eeviewed by the Board.

Judgment will be entered for the respondent.

TRAmmell,
dissenting: In my opinion, the res which gave rise to the income was assigned, not the income from the contract. This distinguishes this case from the principle of the Earl case.
Smith agrees with this dissent.