GEORGE HYATT, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 82594.   Promulgated June 15, 1937.

*A. John Pfeiffer, C. P. A.*, for the petitioner.
*Hugh Brewster Esq.*, for the respondent.

122

OPINION.

STERNHAGEN: The petitioner contends that, because of his contract with the Bruce Co., 10 percent of each customer's contract price must be regarded when received by him as being in trust and therefore not within his income. He relies upon *Commissioner* v. *Cleveland Trinidad Paving Co.*, 62 Fed. (2d) 85; *Benjamin Franklin Patterson*, 21 B. T. A. 8; petition for review dismissed, 59 Fed. (2d) 1055. In those cases, however, the customer retained an amount to assure the performance of the contract, and it was held that while so rightfully retained by the customer the amount could not be properly regarded as the contractor's income. Here, however, the contractor, the petitioner, collected the contract price from the customer and accounted for it on his books immediately as his own. An amount of $1,760.12 was sent to the Bruce Co. "on account of the escrow fund", but it does not appear how this amount was computed.

As between the petitioner and his customer, it would appear that the petitioner rightfully received the full amount in consideration for the contract. The obligation to the Bruce Co. in respect of part of the contract price was only an obligation to make a deposit in escrow to be held by the Bruce Co. during the term of the guarantee

of the contract. Certainly such amounts as the petitioner omitted to transmit to the Bruce Co. could not be omitted from his income. *Consolidated Asphalt Co.*, 1 B. T. A. 79; *Uvalde Co.*, 1 B. T. A. 932. Cf. *Preston R. Bassett*, 33 B. T. A. 182, 191 (on review C. C. A., 2d Cir.); *Gibbs & Hudson, Inc.*, 35 B. T. A. 205. As for the $1,760.12 actually transmitted, it likewise was no less owned by the petitioner, even though subject to temporary possession in the escrow fund of the Bruce Co. Whether this fund, while in the possession of the Bruce Co., was diminished by expenditures made in discharge of the guarantee, thus giving rise to statutory deductions in subsequent income tax returns, needs not to be considered now.

It cannot be said, therefore, that the Commissioner erred in failing to readjust petitioner's income by excluding or deducting any part of the $4,340.91.

The Commissioner seems to have treated the amount paid by the petitioner in the taxable year as his share of the premiums upon the surety bonds as an advance premium amortizable over the five-year period of the bonds, and has allowed the deduction of only the proper amount of annual amortization. Upon this point the facts do not appear clearly enough from the evidence to justify a finding, and for that reason alone the petitioner must fail. On principle, however, it cannot be said that, to a taxpayer whose accounts are kept on an accrual basis, the premium on a five-year surety bond may be deducted in its entirety in the year when paid. Cf. G. C. M. 13148, XIII–1 C. B. 67.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

LEECH, dissenting: It seems to me that petitioner, during the tax year, never received, as his own, the $1,760.12 he paid to E. L. Bruce Co. That money was not then subject to his "unfettered command * * * to enjoy at his option", as the Supreme Court said in *Corliss* v. *Bowers*, 281 U. S. 376. He received it merely as agent for his customers to pay to the Bruce Co. for the account of those customers under the contract of purchase. As to that item, I think the case is controlled by *Commissioner* v. *Cleveland Trinidad Paving Co.*, 62 Fed. (2d) 85, and *Benjamin Franklin Patterson*, 21 B. T. A. 8; petition for review dismissed, 59 Fed. (2d) 1055. Cf. *Stoner* v. *Commissioner*, 79 Fed. (2d) 75; reversing 29 B. T. A. 953.

BLACK and ARUNDELL agree with this dissent.