MONROE ABSTRACT CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95286.   Promulgated January 5, 1940.

*Thomas H. Remington, Esq.,* for the petitioner.
*Loren P. Oakes, Esq.,* for the respondent.

6

OPINION.

LEECH: Petitioner contends, first, that the sum of $3,411.93 which it deposited in 1936 pursuant to the terms of its contract with the Insurance Co., is not subject to the normal tax on corporate incomes and, second, that it is entitled to a credit of $3,411.93 under

section 26 (c) (1) of the Revenue Act of 1936,[1] on the ground that it had entered into a contract restricting the payment of dividends within the meaning of that section.

The essence of petitioner's position on the first point is that the amount it had to deposit in certain banks pursuant to the agreement with the Insurance Co. does not constitute income because it was not realized gain since petitioner did not then have unlimited control of the fund.

The agreement required petitioner to deposit an amount equal to 5 percent of its monthly income derived from its business of making abstracts of title. The fund comprising the aggregate of these deposits was to be held only for the payment of losses arising out of the liability of petitioner on searches and abstracts issued under the agreement. The countersignature of the Insurance Co. was required for any withdrawals. The fund was to remain on deposit until the termination of the agreement, but at any time thereafter petitioner might withdraw the reserve, provided it first deposited with the Insurance Co. a surety bond equal in amount to the then existing reserve.

It should be noted that petitioner is not required to deposit 5 percent of its monthly gross income in this reserve account, but an *amount equal to* that percentage. In other words, petitioner may satisfy the contract by a use of existing surplus or capital or by borrowing the necessary amount. It should further be noted that we are not concerned here with moneys actually used to pay losses, but only with moneys deposited, pursuant to agreement, against the payment of losses sustained in the future.

The general proposition that amounts deposited in a reserve to cover contingent liabilities may not be deducted until such liabilities become fixed, is well settled. *Lucas* v. *American Code Co.*, 280 U. S. 445; *Brown* v. *Helvering*, 291 U. S. 193; *Lane Construction Corporation*, 17 B. T. A. 826.

But petitioner argues that the tax effect is different where the deposits are made pursuant to a restrictive agreement like the present one, citing *Commissioner* v. *Cleveland Trinidad Paving Co.*, 62 Fed. (2d) 85; *Benjamin Franklin Patterson*, 21 B. T. A. 8; petition to

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION ON PAYMENT OF DIVIDENDS.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. If a corporation would be entitled to a credit under this paragraph because of a contract provision and also to one or more credits because of other contract provisions, only the largest of such credits shall be allowed, and for such purpose if two or more credits are equal in amount only one shall be taken into account.

review dismissed, 59 Fed. (2d) 1055; *Portland Cremation Associa-tion* v. *Commissioner*, 31 Fed. (2d) 843; *American Cemetery Co.* v. *United States*, 28 Fed. (2d) 918; *Troost Ave. Cemetery Co.* v. *United States*, 21 Fed. (2d) 194; and *Stoner* v. *Commissioner*, 79 Fed. (2d) 75.

These cases are not in point. In all of them the use of the contested amounts by the recipient was limited by a trust imposed by agreement of the payor with the payee. Here no such trust existed. The re-striction imposed by the contract went not to the income *itself* but only to *its equivalent*, and existed by virtue of petitioner's contract with the Insurance Co. and not with the payor of the income. The use to which income is put after its receipt does not affect its tax-ability when received. *Clemmons* v. *Commissioner*, 54 Fed. (2d) 209; *Lonsdale* v. *Commissioner*, 32 Fed. (2d) 537; certiorari denied, 280 U. S. 575; *William B. Grise*, 6 B. T. A. 743.

The petitioner is foreclosed in its first position. *George Hyatt*, 36 B. T. A. 121.

Accordingly, we conclude that petitioner has not overpaid its tax in so far as that income was imposed on earnings in the amounts de-posited pursuant to the agreement with the Insurance Co., for the reason that such amounts were properly includable in taxable income.

The second issue requires the consideration of the contract. Does it expressly prohibit the payment of dividends under the conditions obtaining during the taxable year? Such a prohibition is a stated condition precedent to the application of section 26 (c) (1), *supra*.

It may be conceded at the outset that petitioner may not use the amounts it deposits under the agreement for any purpose except to pay losses, and that, by the agreement, dividends are forbidden if capital funds and reserve fall below $38,000 or if, out of those capital funds, there is not, at least, $15,000 in cash on hand, or its equivalent. However, we are unable to follow petitioner in its contention that this contract prohibited the payment of dividends by the petitioner during the taxable year. Throughout that period the capital funds, reserves, and cash on hand were well over the amounts specified.

The agreement provided for the deposit of a reserve against losses, and such incidental restrictions as there are on the use of the deposit and the maintenance of sufficient capital and liquid assets are only for the purpose of assuring the maintenance of that reserve and the proper conduct of petitioner's business. There is nothing in the agreement to prevent petitioner from paying dividends out of its existing surplus if the guarantee deposit, the capital, and the cash on hand were in the required amounts.

Petitioner, as shown by its balance sheet, in the taxable year had an actual surplus in excess of $16,000. Its claim that only $1,640.73 of this was "free surplus" available for payment of dividends, is based upon the fact that it has, voluntarily and not by reason of a

contract restriction, charged the required guarantee deposits on its books to its earnings. It merely adopted this business policy instead of recording a use of a portion of its comparatively large cash capital for this purpose. The reserve did not represent an actual liability but a mere guarantee. If capital were used to make the deposit it would represent the employment of that capital in a specific business use and no depletion would result. Only in case of payments actually made from the reserve would surplus be called upon to restore the deficit. Petitioner's voluntary method of keeping its accounts can not affect the facts here upon which the prohibition against dividend payments rested. Cf. *Doyle* v. *Mitchell Brothers Co.*, 247 U. S. 179. None of them existed.

Section 26 (c) (1) is a credit provision and petitioner must bring itself strictly within the terms of the statute to have the benefit of the credit therein provided. *Crane Johnson Co.* v. *Commissioner*, 105 Fed. (2d) 740. We do not think it has done so or that it is entitled to the credit provided in that section.

Petitioner makes a final contention which is so vague that it does not form an issue in the case. It argues that the free surplus existing from prior years may not be used to cut down the amount of credit to which petitioner is entitled under section 26 (c) (1), and that this section should be so construed as to avoid questions of constitutionality. With the latter proposition we agree, but we are unable to find that respondent has anywhere taken the position with which petitioner charges him. He has merely disallowed the credit *in toto*, and we have concluded that he did so properly.

*Decision will be entered for the respondent.*