CORLISS *v.* BOWERS, COLLECTOR OF INTERNAL REVENUE.

No. 344. Argued April 15, 16, 1930.—Decided April 28, 1930.

*Mr. Joseph M. Hartfield,* with whom *Messrs. Russell D. Morrill* and *A. C. Newlin* were on the brief, for petitioner.

*Solicitor General Hughes,* with whom *Assistant Attorney General Youngquist, Messrs. Sewall Key* and *J. Louis Monarch,* Special Assistants to the Attorney General, *Clarence M. Charest,* General Counsel, and *Frederick W. Dewart,* Special Attorney, Bureau of Internal Revenue, were on the brief, for respondent.

*Messrs. Marcel E. Cerf, B. E. Witkin,* and *Henry Robinson* filed a brief as *amici curiae,* by special leave of Court.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit to recover the amount of an income tax paid by the plaintiff, the petitioner, under the Revenue Act of 1924, June 2, 1924, c. 234, § 219, (g) (h), 43 Stat. 253, 277. (U. S. C., Tit. 26, § 960.) The complaint was dismissed by the District Court, 30 F. (2d) 135, and the judgment was affirmed by the Circuit Court of Appeals, 34 F. (2d) 656. A writ of certiorari was granted by this Court.

The question raised by the petitioner is whether the above section of the Revenue Act can be applied constitutionally to him upon the following facts. In 1922 he transferred the fund from which arose the income in respect of which the petitioner was taxed, to trustees, in trust to pay the income to his wife for life with remainder over to their children. By the instrument creating the trust the petitioner reserved power " to modify or alter in any manner, or revoke in whole or in part, this indenture and the trusts then existing, and the estates and interests in property hereby created " &c. It is not necessary to quote more words because there can be no doubt that the petitioner fully reserved the power at any moment to abolish or change the trust at his will. The statute referred to provides that " when the grantor of a trust has, at any time during the taxable year, . . . the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor." § 219 (g) with other similar provisions as to income in § 219 (h). There can be no doubt either that the statute purports to tax the plaintiff in this case. But the net income for 1924 was paid over to the petitioner's wife and the petitioner's argument is that however it might have been in different circumstances

the income never was his and he cannot be taxed for it. The legal estate was in the trustee and the equitable interest in the wife.

But taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed—the actual benefit for which the tax is paid. If a man directed his bank to pay over income as received to a servant or friend, until further orders, no one would doubt that he could be taxed upon the amounts so paid. It is answered that in that case he would have a title, whereas here he did not. But from the point of view of taxation there would be no difference. The title would merely mean a right to stop the payment before it took place. The same right existed here although it is not called a title but is called a power. The acquisition by the wife of the income became complete only when the plaintiff failed to exercise the power that he reserved. *Saltonstall* v. *Saltonstall,* 276 U. S. 260, 271. *Chase National Bank* v. *United States,* 278 U. S. 327. *Reinecke* v. *Northern Trust Co.,* 278 U. S. 339. Still speaking with reference to taxation, if a man disposes of a fund in such a way that another is allowed to enjoy the income which it is in the power of the first to appropriate it does not matter whether the permission is given by assent or by failure to express dissent. The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not. We consider the case too clear to need help from the local law of New York or from arguments based on the power of Congress to prevent escape from taxes or surtaxes by devices that easily might be applied to that end.

*Judgment affirmed.*

The CHIEF JUSTICE took no part in this case.