1166

ALBERT BETTENS, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20356, 26148. Promulgated May 27, 1930.

*J. W. S. Butler*, *Esq.*, for the petitioner.
*Eugene Meacham*, *Esq.*, for the respondent.

OPINION,

VAN FOSSAN: The sole question at issue in this case is whether or not the petitioner, Albert Bettens, was a member of the partnership of Bettens & Johns during 1920, 1921, and 1922 and as such shared in the profits which accrued from the operation of the Hotel Land. In arriving at a solution of this question we must scrutinize carefully the various documents purporting to establish the relationship between Bettens and Johns and the acts of the parties thereto, including those of Fox, the former partner of Johns, and we also must consider the intent of all parties involved in the transaction.

On April 1, 1918, it was the patent purpose of the petitioner, Fox, and Johns that the petitioner should purchase from Fox his interest in the partnership of Fox & Johns, then operating the Hotel Land, and should establish a new partnership consisting of the petitioner and Johns, to step into the shoes of the old partnership. One obstacle and only one prevented the immediate sale and transfer of Fox's interest in the partnership to the petitioner. That was the unwillingness and refusal of Nettie E. Evans to consent to the assignment of the lease executed by herself and the partnership of Fox & Johns covering the use of the Hotel Land building. A covenant in the lease provided that the lessee should not assign it or any interest therein nor sublet the premises without the written consent of the lessor. For some reason unrevealed in the record Nettie E. Evans was unwilling to accept the petitioner as a colessee in the place of Fox. In order to circumvent the failure of Mrs. Evans to consent

to the assignment an elaborate scheme of contracts, options and assignments was evolved. On the face of some of the documents it appeared that no assignment of the lease had actually been made. This careful and obvious recital of the alleged status of the old partnership evidently was made to reassure Mrs. Evans that no assignment had actually been made and thus prevent any action on her part seeking the cancellation of the lease.

However, the possession and assignment of the lease covering the Hotel Land premises were only factors in the partnership relation between the petitioner and Johns. We must look to the other instruments which formed a part of the screen behind which the transfer of Fox's partnership interest to the petitioner and the establishment of the partnership relation between the petitioner and Johns were constructively accomplished. The first document in the series is an agreement of sale by which Fox transferred his interest in the personal property in the Hotel Land to the petitioner for the sum of $29,352. The property transferred consisted of all tangible assets of the Hotel Land and also its book accounts, surplus and cash on hand. The consideration mentioned was the *real* sale price of the interest of Fox in the partnership of Fox & Johns. All other considerations involved in the various assignments, options, and rental agreements are merely nominal. The agreement recites that it shall be effective as of April 1, 1918, and that " all of the assets of said business as shown upon the books of said hotel and hotel business as of said date shall be and are hereby transferred to and become the property of said party of the second part as of said first day of April, 1918." It is evident that by this transaction Fox divested himself of his working interest in the partnership.

The agreement between the petitioner and Johns " to form a partnership " was dated May 10, 1918, but had attached to it the agreement of partnership dated April 1, 1918, and signed by Albert Bettens and Fred Johns. The latter agreement recites the fact that the parties thereto " are now and since, from and after the first day of April, 1918, they have been and will hereafter be associated together as co-partners in business." On the face of the record, therefore, are the agreement and admission of the petitioner and Johns that a partnership existed between them on April 1, 1918.

The various leases, options, and agreements entered into between and among Fox, Johns, and the petitioner may have purported to retain in Fox the bare legal title to certain property of the old partnership, such as the lease of the hotel premises, the barroom equipment and license, etc., pending Mrs. Evans' consent or the petitioner's waiver thereof. " But," as said by the Supreme Court in *Corliss* v. *Bowers*, 281 U. S. 376, " taxation is not so much concerned with the refinements of title as it is with the actual command over the

property taxed—the actual benefit for which the tax is paid." The lease from the petitioner to Johns (document No. 7) did not include the accounts, surplus and cash on hand, belonging to the hotel business. The petitioner acquired these assets from Fox on April 1, 1918. He continued to use them for the benefit of the hotel with the knowledge and consent of both Fox and Johns. We are of the opinion that the petitioner and Johns actually established a partnership as of April 1, 1918, for the conduct and operation of the Hotel Land.

The facts relating to the operation of the hotel for the period from April 1, 1918, to January 10, 1923, are quite meager. We do not know, however, that Fox paid over to the petitioner his share of the net proceeds during each year of this period. Fox returned and paid the income tax on that share, but it does not appear what adjustment, if any, was thereafter made between him and the petitioner. Johns remained as manager of the hotel from April 1, 1918, to January 10, 1923, exactly as provided in the partnership agreement between the petitioner and Johns.

Upon the so-called termination of the escrow on January 10, 1923, all the agreements held by the Capital National Bank were presumed to become actively operative and binding. Nothing remained to be done under them except the arithmetical labor of accounting. The method and manner of conducting the Hotel Land continued just the same as they had been during the period of almost five years immediately preceding. As between the parties, the partnership of the petitioner and Johns likewise continued to function as it had from April 1, 1918. We are of the opinion that it was clearly the intent of all concerned to discontinue the partnership between Fox and Johns on April 1, 1918, and to substitute therefor the partnership of Bettens & Johns and that such purpose was actually accomplished.

*Judgment will be entered under Rule 50.*