*1159 OPINION.
Tkammell:
The only matter presented for our determination is whether the income for 1928 from the 'four trusts set'out in our findings of fact is taxable to the petitioner.
With respect to revocable trusts, section 166 of the Revenue Act of 1928 provides as follows: ...
Where the grantor oí a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the- power to revest in himself title to- any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.
The petitioner contends that the above section of the act includes only such revocable trusts as those in which the grantor may revest in himself, during the taxable year, title to the trust property; that, since she could have revested in herself title to the property of the. trusts here involved only upon the expiration of twelve months and a day after notice of revocation, she could not have revested in herself during the taxable year title to the property of the trusts; that the trusts, therefore, do not come within the provisions of the section and consequently the petitioner may not be taxed on the income therefrom. The respondent contends that, since the petitioner had during the taxable year the power to revest in herself title to the trust property, the trusts come;within the provisions of the-section and that it. is immaterial whether the revesting takes place during the taxable year. The petitioner contends that the time limitation re *1160 lates to the revesting of the ,title, whereas under the respondent’s contention it relates to. the existence of the power of revesting of the title.
The provisions of section 166 of the Revenue Act of 1928 are identical with those of section 219 (g) of the Revenue Acts of 1924 and 1926.
In sustaining the constitutionality of section 219 (g) of the Revenue Act of 1924 of the Supreme Court, in Corliss v. Bowers, 281 U. S. 376, said:
* * * Still speaking with reference to taxation, if a man disposes of a fund in such a way that another is allowed to enjoy the income which it is in the power of the first to appropriate, it does not matter whether the permission is given by assent or by failure to express dissent. The income that is subject to a man’s unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not.
In Clapp v. Heiner, 34 Fed. (2d) 506; affd., 51 Fed. (2d) 224, the court was called upon to decide whether under section 219 (g) of the Revenue Act of 1924 the income from a trust revocable by the grantor giving six months notice to revoke was taxable to the grantor. There the court said:
The plaintiff contends that, even if this act is constitutional, it is not applicable to a trust created under the trust instruments involved in this suit, for the reason that by the terms of each instrument, six months’ written notice is required for the revocation of the trust. There is nothing to this point. The statute prevails where the grantor of a trust has, at any time during the taxable year, the power to revest himself of the title to any part of the corpus of the trust. That power is not dependent at all upon the notice which must be given before the revocation becomes effective. It deals only with the power of revocation. The power .of revocation during both of the taxable years in question fully resided in the plaintiff, and the fact that he had to give to the trustee six months’ notice of intention to revest would not withdraw the case from the application of the statute.
The plaintiff contends also that, if this proposition is resolved against him, he would be liable to income tax for one-half of each taxable year. There is nothing to this proposition. The power of revocation rested in the plaintiff. The fact that he had to give six months’ notice in order to exercise that power of revocation did not change the status of the income as taxable under this statute for the entire period. Where the settlor of a trust estate reserves in himself the power of revocation, the income of that trust estate is taxable to him, irrespective of the period of notice which he binds himself to give to the trustee in ease he exercises the right of revocation.
We think the rules set forth in the above decisions are sound and are applicable here. It is not denied that the petitioner in the instant case had, in 1922, the power to revest in herself of the trusts, but it is contended that she did not have the power to revest it in herself in 1928 since notice of twelve months and a day was prerequisite to re-vesting. In our opinion it is not necessary under section 166 that *1161 the grantor be able actually to revest the trust property in himself during the taxable year, but only that he have during the taxable year the power to revest it in himself. We think that so long as he has, during the taxable year, the power to revest, this is all that is necessary to bring the case within the statute. The fact that the petitioner bound herself to give to the trustees notice of twelve months and one day in case she exercised the right of revocation is immaterial. The contention of the respondent is sustained.

Judgment will Toe entered for the respondent.