ELSIE A. DREXLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 31772, 41818.   Promulgated January 7, 1932.

*Marcel E. Cerf, Esq., Henry Robinson, Esq.,* and *Myrtile Cerf, C. P. A.,* for the petitioner.

*F. R. Shearer, Esq.,* for the respondent.

OPINION.

LANSDON: The petitioner contends that the trust here involved is a charitable organization and that it is exempt from tax under section 231 of the Revenue Act of 1926. The respondent has determined that it is taxable under section 219. Clearly the petitioner does not come within the provisions of section 231. The law there refers to an organization which is engaged in carrying on a charitable function. A revocable trust is taxable under section 219, which provides in subsection (g) as follows:

Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

Under the above provisions of the act, which contain no limitation, the petitioner is taxable on the income from the trust property, regardless of the nature of the trust. Cf. *Corliss* v. *Bowers*, 281 U. S.

376; *Elida B. Langley*, 24 B. T. A. 1156; *Grace Whitney Hoff*, 20 B. T. A. 86; *Irenee Du Pont*, 20 B. T. A. 482; *Alfred F. Pillsbury*, 19 B. T. A. 1229.

We think it is clear that the two residence properties acquired by petitioner for the use and occupancy of her relatives were not used in carrying on a business or held for income-producing purposes and that she is entitled to no deduction for expenses incurred for maintaining such properties. The respondent now concedes that $400.90 paid as taxes on petitioner's residential property should be allowed as a deduction.

*Decision will be entered under Rule 50.*