EDWARD E. BRADLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56168. Promulgated December 9, 1932.

*C. Hadlai Hull, Esq.*, for the petitioner.
*C. C. Holmes, Esq.*, for the respondent.

### OPINION.

SMITH: In addition to the principal issue the petitioner also alleged error with respect to the taxability of alleged capital gains upon sales of securities by the trustee, but no evidence has been offered regarding such sales and we have no basis upon which to make any determination with respect thereto.

The petitioner contends that the trust was established in 1923 for the purpose of providing for the dependent members of his family, and that he had no intention of ever designating himself as a beneficiary of the trust. He asserts that he has never received any of the income in question, the amount of which is not in dispute, and that the respondent has erroneously taxed this income to him under section 219 (h) of the Revenue Act of 1926. The petitioner submitted a statement of the income and disbursements of the trust fund for the purpose of showing to whom the income was paid. From this statement it appears that a considerable portion of the income in each year was added to the principal, and that the beneficiaries designated by the petitioner to share in his bounty each year received only such amounts as he deemed necessary for their support. It is to be noted that none of these persons was designated in the trust instrument as a beneficiary. Although the petitioner claims that the trust was established to take care of his dependents, and the facts show that he had other income more than ample in amount to provide for himself and wife, she nevertheless received the largest share of the distributed income during the taxable years.

The respondent's action in taxing the income of this trust to the petitioner is sustained. There is nothing in the trust instrument to prevent the petitioner from designating himself as the beneficiary. The petitioner had the right to dispose of the income of the trust as he saw fit, and during the taxable years before us designated the recipients of his bounty. The instant proceeding is controlled by *Corliss* v. *Bowers*, 281 U. S. 376, 378, wherein the Supreme Court said:

* * * if a man disposes of a fund in such a way that another is allowed to enjoy the income which it is in the power of the first to appropriate it does not matter whether the permission is given by assent or by failure to express dissent. The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not. * * *

See also *Grace Whitney Hoff*, 20 B. T. A. 86. Cf. *S. A. Lynch*, 23 B. T. A. 435; *Charles Kaplan*, 26 B. T. A. 379; *Sydney R. Bliss*, 26 B. T. A. 962.

*Judgment will be entered for the respondent.*