## LOOSE v. UNITED STATES.
### No. 1923.

District Court, W. D. Missouri, W. D.
July 11, 1933.

Ryland, Stinson, Mag & Thomson, of Kansas City, Mo., for plaintiff.

Wm. L. Vandeventer, Dist. Atty., of Kansas City, Mo., for the United States.

REEVES, District Judge.

This is a suit to recover a tax paid under protest. The amount, including interest, was $12,974.86. It was paid on January 3, 1930. Plaintiff seeks to recover the amount thereof, with interest at 6 per cent. from the time it was paid.

The agreed statement of facts shows that Jacob L. Loose deceased on September 18, 1923, and that prior to his death, and after December 31, 1922, interest coupons in the sum of $34,687.50 on sundry securities owned and held by him had matured for payment. Because of his physical and mental condition he was unable to clip and cash said coupons, although the debtors were entirely solvent and responsible.

After the death of Mr. Loose, the coupons were treated as assets of the estate, and an estate tax was paid as required by law. Subsequently it was determined that such coupons should have been treated as income during the year 1923, and that same were taxable as such.

All the principal facts are agreed to by the parties, including the physical disability of Mr. Loose. The agreed statement of facts was supplemented, however, by the introduction of affidavits, showing a mental infirmity of the decedent so as to render it impossible, in view of the circumstances, for him to have converted said coupons into cash.

Other facts as they become pertinent will be stated in the course of this memorandum opinion.

1. Applicable revenue laws provide that the "gross income" shall include "income derived * * * from interest." Treasury regulations duly promulgated provide for "constructive receipt" in certain cases, and particularly in the case of interest as follows: "Where interest coupons have matured but have not been cashed, such interest payment though not collected when due and payable, is nevertheless available to the taxpayer, and should therefore be included in his gross income for the year during which the coupons matured." Without more, this would seem to settle the matter.

2. However, plaintiff contends that the physical and mental incapacity of the decedent at the time would relieve him of the liability to pay the income tax on said coupons under the circumstances.

Neither mental nor physical incapacity will relieve one of his duty to pay taxes. De Hatre v. Edmonds, 200 Mo. 246, loc. cit. 276, 98 S. W. 744, 10 L. R. A. (N. S.) 86. Commissioner v. Bingham (C. C. A.) 35 F. (2d) 503, loc. cit. 504.

3. Again, in dealing with the question of dividends on corporate stocks, a special enactment of the Congress (Revenue Act 1921, § 201 (e), 42 Stat. 229) provided that "a taxable distribution made by a corporation to its shareholders or members shall be included in the gross income of the distributees as of the date when the cash or other property is unqualifiedly made subject to their demands."

Plaintiff insists that such an enactment shows the purpose of the Congress to exclude matured interest coupons before the amount thereof has actually been received in cash. This is suggested under the well-known maxim, "Expressio unius est exclusio alterius."

Clearly the maxim is inapplicable. By the enactment with respect to dividends, Congress put such on the same basis as matured interest. When the dividend was declared and set apart, it had an identical status with interest matured. In the case of the dividend, it only became available by affirmative act of the board of directors. The fund for its payment had to be appropriated. In the case of the interest coupons, the contract obligation of the debtor was to provide funds for its payment. In the absence of congressional act, it may be questioned whether the Commissioner could have promulgated a regulation in respect of unpaid dividends. By such an enactment it was within his right to make such regulation.

4. It should be borne in mind that the executrix treated the coupons as a part of the assets of the estate. They were duly inventoried and an estate tax paid thereon. This was required to be done before same were cashed. Before they could become assets of the estate they must have been treated as income.

As said in Corliss v. Bowers, 281 U. S. 376, loc. cit. 378, 50 S. Ct. 336, 337, 74 L. Ed. 916: "The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not." This is true, even if suffering from mental or physical infirmity. The law contemplates that one who is incapable of managing his affairs may have another to do that for him.

Other questions were discussed by counsel, but the foregoing appear to be sufficient to decide the case.

Accordingly, the recovery is denied, and the issues are found for the government.

It is so ordered.