LELIA W. STOKES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 64197, 67210. Promulgated August 23, 1933.

*Henry Gross*, Esq., for the petitioner.
*Francis Gettle*, Esq., for the respondent.

OPINION.

Arundell: The portion of the trust deed which gives rise to the controversy here directs the trustee to pay the trust income " to such person or persons or for such use or uses " as petitioner " may in writing from time to time direct." Petitioner contends that the trust was one for the accumulation of income for the benefit of unascertained persons within the meaning of section 161 (a) (1) of the Revenue Act of 1928, hence the income is taxable to the fiduciary.

Undoubtedly the powers given in the trust to the petitioner to name the beneficiary not only as to income, but also as to corpus, were broad enough to include herself as a beneficiary if she so chose. Had the grantor of the trust directed annual distribution to petitioner or her nominees the case would unquestionably fall within sections 161 (a) (2) and 162 (b), which together provide that income which is to be distributed currently is taxable but in such cases the fiduciary may deduct the amount "which is to be distributed currently" and such amount shall be included in income of the beneficiaries "whether distributed to them or not." Petitioner had the power to require the income to be distributed currently and thus the question is whether her failure to exercise that power changes the character of the income and converts it from that which is to be distributed currently to income accumulated for unascertained persons.

Reliance is placed largely on the case of *Elizabeth S. Sprague*, 8 B.T.A. 173, wherein we said:

The Commissioner held that because the petitioner could receive the income of the trust funds by making a written request therefor, the entire income is taxable to her, and determined the deficiency accordingly. This position can not be sustained. The trust instruments all provided that the income should be added to the principal. To this extent such income was accumulated for unascertained persons or persons with contingent interests. There was the further provision that upon written request (by the settlor in one case and by the petitioner in the others) certain portions of the income were to be paid to the petitioner. Any such request constituted the exercise of a power which, to the extent that such power was validly exercised, removed such income from the provision for accumulation and made it distributable. Such distributable income was thereupon severed from the trust property and was taxable to the beneficiary under the provisions of section 219, quoted above. So much as was not distributable pursuant to the exercise of the power given by the trust instrument, remained a portion of the trust property, taxable to the fiduciary.

The *Sprague* case is distinguishable from the one before us in that there the income not used for the purposes specified was required to be added to and become part of the principal of the trust funds. The trust in these cases contains no such provision and apparently the income remained subject to petitioner's command at all times.

The rule that we draw from the few decided cases touching on this question is that where beneficiaries are entitled absolutely to any or all of the trust income at such times as they shall specify, they are taxable upon the entire income and such income is deductible by the fiduciary whether distributed or not. But where the beneficiaries are entitled only to the amounts which they claim and the surplus is to be accumulated for other purposes, they are subject to tax only on the amounts claimed under their power, and only such amounts are deductible by the fiduciary. Thus in *Jobes* v.

*Crooks*, 33 Fed. (2d) 1016, the trust deed gave the trustee discretion to distribute income to the beneficiary and required the trustee to make distribution of the income on demand of a majority of beneficiaries and any income not so distributed was to be added to corpus. The beneficiaries made no demand for the income, but in one year the trustee distributed the sum of $800 to them. It was held that the beneficiaries were taxable on only the amount actually distributed, the court making reference to the provision for adding undistributed income to the corpus. In *Esty* v. *United States*, 63 Ct.Cls. 455, the trust instrument required the trustees to pay the income to the beneficiary (who was also the grantor) " as requested." The beneficiary requested and received only a part of the trust income and claimed that he was taxable on only the amount so requested and actually paid to him. The court referred to the fact that the trustees were not authorized to add any of the income not drawn by the beneficiary to the principal of the trust, and held that the beneficiary was taxable on the entire income (save a portion payable to the grantor's daughter) saying that inasmuch as he alone had the disposition of the net income it was taxable to him under section 219 (d) of the Revenue Act of 1918, which required the beneficiary to include in income " his distributive share, whether distributed or not, of the net income of the trust."

We think it clear that income need not actually be distributed to beneficiaries in order for it to be taxable to them, in view of the provisions of 162 (b) of the Revenue Act of 1928, which require that in the case of income which is to be distributed currently the beneficiaries shall include in their income their portion of the net income " whether distributed to them or not." See G. C. M. 8724, X-2 C.B. 197.

It is accordingly our opinion, and we so hold, that under the trust instrument here involved the entire net income of the trust was properly included by the respondent in the income of petitioner. Cf. *Corliss* v. *Bowers*, 281 U.S. 376.

*Decision will be entered for the respondent.*