ROBERT S. EATON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81350. Promulgated February 4, 1938.

*Frank J. Maguire, Esq.*, for the petitioner.
*Paul E. Waring, Esq.*, for the respondent.

OPINION.

SMITH: The sole question presented by this proceeding is whether the petitioner is liable to income tax upon the dividends paid upon 5,000 shares of the capital stock of the Norwich Pharmacal Co. standing in his name. The petitioner contends that, by reason of the fact that he entered into the agreement with his wife on June 1, 1932, by which she was to receive all of the income of the partnership up to $25,000 per year, and inasmuch as the dividends on the 5,000 shares set aside for the alleged partnership amounted in 1932 to less than $25,000, he is not liable to income tax in respect of them.

All of the income tax acts from the Revenue Act of 1913 have provided that partnerships shall not be subject to income tax as entities but that the members of the partnership shall account annually for their shares of the net earnings of the partnership. In *Burke-Waggoner Oil Association* v. *Hopkins*, 269 U. S. 110, the Supreme Court said: "The term partnership as used in these sections obviously refers only to ordinary partnerships." In section 181 of the Revenue Act of

1932, it is stated: "Individuals carrying on business in partnership shall be liable to income tax only in their individual capacity."

\* \* \* The requisites of a partnership are that the parties must have joined together to carry on a trade or adventure for their common benefit, each contributing property or services, and having a community of interest in the profits. \* \* \* [*Meehan* v. *Valentine*, 145 U. S. 611, quoted in *Schumacher* v. *Davis*, (Dist. Ct., E. Dist. of N. Y.), 1 Fed. Supp. 959.]

See also *George M. Cohan*, 11 B. T. A. 743; affd., 39 Fed. (2d) 540; *Harry C. Fisher*, 29 B. T. A. 1041.

Was the alleged partnership of R. S. Eaton & Co. an "ordinary" partnership within the meaning of the applicable income tax act? We are of the opinion that it was not. The wife contributed no property, labor, or services to the alleged partnership. The petitioner was to receive no part of the income unless the income in any year exceeded $25,000, which was far in excess of the amount actually received. The petitioner, therefore, did not have any interest in the profits actually realized. Furthermore, the alleged partnership carried on no business whatever during its life. It was never seriously expected that it would. The arrangement was merely one by which a part of the petitioner's income was to be made available to the wife for the payment of expenses, the principal part of which was the husband's expenses.

In *Corliss* v. *Bowers*, 281 U. S. 376, it was said:

But taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed—the actual benefit for which the tax is paid. \* \* \* Still speaking with reference to taxation, if a man disposes of a fund in such a way that another is allowed to enjoy the income which it is in the power of the first to appropriate it does not matter whether the permission is given by assent or by failure to express dissent. \* \* \*

Although R. S. Eaton & Co. was in form a partnership, it was not such in substance. It was only a means by which the petitioner might avoid the payment of income tax on a portion of his income, which was to be used in the major part for his own benefit. In *Humphreys* v. *Commissioner*, (C. C. A., 2d Cir.), 88 Fed. (2d) 430, it was held that a partnership existed between the taxpayer and his wife. In that case, however, the wife contributed the original capital for the partnership and the partnership was clearly engaged in the carrying on of a business. We are of the opinion that, in any case where a partnership exists within the contemplation of the taxing statute, the partner must either contribute capital or services to the partnership and must have a community of interest in the profits. Such was not the case here.

The respondent did not err in taxing to the petitioner the dividends paid upon the 5,000 shares of Norwich Pharmacal Co. stock which constituted the capital of the alleged partnership.

*Judgment will be entered for the respondent.*