CONNOR v. GAGNE, Collector of Internal Revenue.

No. 138.

District Court, D. New Hampshire.

Dec. 11, 1941.

O. Walker Taylor, of Boston, Mass., for plaintiff.

Alexander Murchie, U. S. Dist. Atty., of Concord, N. H., for defendant.

MORRIS, District Judge.

This action arises under the laws of the United States providing for internal revenue. The plaintiff seeks to recover the sum of $7,745.21, together with the interest thereon, representing additional income taxes and surtaxes determined by the Commissioner of Internal Revenue and paid to the defendant, as Collector of Internal Revenue, for the years 1935, 1936 and 1937.

The issue involved in the case is whether the income from two trusts, one of which the plaintiff created in 1928 and the other in 1930, should be taxed to the plaintiff or to the Indian Head National Bank of Nashua, New Hampshire, the designated trustee under both the trust agreements.

The essential facts in the case are stipulated. Briefly, they are as follows:

On June 6, 1928, the plaintiff, a resident of Exeter, N. H., executed a trust indenture naming the Indian Head National Bank of Nashua, N. H., as trustee and certain property was transferred to it.

Among other things, the trust instrument provided as follows: "The net income shall be paid to the Trustor during his lifetime, provided that the Trustor gives written notice to the Trustee in June and December of each year that the Trustor desires the income for the following six months of the calendar year to be paid to him."

The instrument further provided that in the event that the grantor failed to give such notice, the net income should be accumulated and become a part of the principal and be administered in the same manner and as a part of the trust fund, and the right of the trustor to such income shall cease.

It was further provided that upon the grantor's death $100,000 of the principal and accumulated income, if any, should be offered to the Massachusetts Institute of Technology, and that the balance should be paid to the grantor's heirs.

Throughout the taxable years involved the value of the corpus of the 1928 trust at all times exceeded the $100,000 which could be offered to the Massachusetts Institute of Technology. The trust instrument was made irrevocable.

On August 20, 1930, the plaintiff executed another trust agreement, naming the Indian Head National Bank as trustee, to which were assigned certain securities and an insurance policy issued upon the life of the grantor. By the terms of this trust, the trustee was obliged " * * * to apply the net dividends, income and profits, so far as may be necessary, to the payment of premiums on the policies of life insurance covered by this agreement; to pay over any excess of net dividends, income and profits aforesaid not required for the payment of

such premiums, to the Trustor provided, that the Trustor gives written notice to the Trustee in December of each year that the Trustor desires such excess net income, if any, for the following year to be paid to him. * * *"

In the event that the grantor failed to give notice to the trustee requesting the balance of the payments to be made to him, this balance was to be accumulated and treated as part of the corpus. Upon plaintiff's death, the corpus of accumulated income and the proceeds of the policy were to be held in trust for the plaintiff's wife and other named beneficiaries. The plaintiff provided that the trust should be irrevocable, but reserved to himself the right to change or eliminate any beneficiary or remainderman named in the trust agreement.

The Indian Head National Bank was named as beneficiary in the policy of life insurance, which was assigned to it. At the time the trustee was named as beneficiary, the plaintiff relinquished his right to make any further changes of beneficiary of the policy. All but a very small part of the income of the 1930 trust was used to pay the premiums on the life insurance policy. The amount so used and the balance which was added to principal in each of the years, were as follows:

| Year | Net income earned | Paid on Premiums | Balance Added to principal |
|------|------|------|------|
| 1935 | $1,735.54 | $1,434.28 | $301.26 |
| 1936 | 1,511.60 | 1,367.88 | 143.72 |
| 1937 | 1,519.02 | 1,340.26 | 178.76 |

The plaintiff did not file any written notice or demand upon the trustee with respect to the income of either of said trusts for the years 1935, 1936 and 1937 and no part of the income of either of said trusts for those years was ever credited to or paid over to the plaintiff.

The entire income of the June 6, 1928, trust during the years involved was accumulated by the trustee and became part of the principal of the trust and the excess of the income of the August 20 trust, over and above the amount paid as premiums on the insurance policy, was added to and became a part of the principal of that trust.

The plaintiff reported no part of the income of either of these two trusts in his individual income tax returns filed for the years involved. The Commissioner determined that the entire income of both of the trusts was taxable to the plaintiff and as a result assessed the deficiencies involved herein.

After payment of these amounts by the plaintiff, claims for refund were filed with the defendant and upon rejection this suit was filed. The Indian Head National Bank, as trustee, had reported and paid the tax on the entire income from the two trusts and in order to protect itself in the event that the Commissioner's determination should be held to be correct, it has filed claims for refund for the taxes paid by it.

The real question to be determined is whether the income from the two trusts is taxable to the plaintiff or to the Indian Head National Bank, as trustee.

The income of the 1930 trust used for the payment of premiums on the life insurance policy presents one question and the income of the 1928 trust and the balance of the income of the 1930 trust not used to pay premiums presents another question.

I will first consider the income of the 1930 trust used for the payment of premiums on the life insurance policy. The applicable statute is Section 167 (a) (3) of the Revenue Acts of 1934 and 1936, 26 U.S. C.A. Int.Rev.Code, § 167 (a) (3), which provides that:

"(a) Where any part of the income of a trust—

* * * * * *

"(3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (o), relating to the so-called 'charitable contribution' deduction) ;

then such part of the income of the trust shall be included in computing the net income of the grantor."

The plaintiff seeks to avoid the application of this statute to the 1930 trust because the policy of life insurance was assigned to the trust and the plaintiff relinquished his right to change the beneficiary, that, therefore, he retained no further interest in the policy and that the income of the trust cannot be taxed to him.

The policy in question was issued on the life of the plaintiff.

A part or the whole of the income of the 1930 trust was used to pay the premiums on the insurance policy. This seems to bring it within the purview of the statute notwithstanding the plaintiff has relinquished his rights under the policy. It was so held in the case of Burnet v. Wells, 289 U.S. 670, 53 S.Ct. 761, 765, 77 L.Ed. 1439. The facts in that case are almost identical with the facts in the case at bar, there the policies of insurance were assigned to the trustee, the trustee was made beneficiary, the grantor's right to change the beneficiaries was renounced and all other interests in the policies were transferred to the trustee.

It was held that the above-quoted statute was constitutional, that the facts of the case came within its meaning and that the premiums paid on the policies of insurance were taxable as a part of the estate of the grantor. The following language of Mr. Justice Cardozo stated in the opinion is significant when applied to the facts in the case at bar. He says: "Income permanently applied by the act of the taxpayer to the maintenance of contracts of insurance made in his name for the support of his dependents is income used for his benefit in such a sense and to such a degree that there is nothing arbitrary or tyrannical in taxing it as his."

■ I hold that the income of the 1930 trust, which was applied to the payment of premiums on a life insurance policy issued upon the life of the plaintiff, is taxable to the plaintiff under the provisions of Section 167 (a) (3) of the Revenue Acts of 1934 and 1936.

The next question involves the income from the 1928 trust and the balance of the income of the 1930 trust not used to pay premiums on the insurance policy.

The trust instruments in question provide that all of the income of the 1928 trust and the balance of the income of the 1930 trust, not used for the payment of premiums, should be distributed to the grantor during his lifetime, provided he gave notice to the trustee in advance to that effect.

The plaintiff contends that because in the exercise of his discretion he failed to give notice in advance he lost the power to receive the income of the trust for the years involved and, therefore, it should not be taxed to him.

The applicable statute is Section 167 (a) (2) of the Revenue Acts of 1934, and 1936, which provides as follows:

"(a) Where any part of the income of a trust—

* * * * * *

"(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor;

* * * * * *

then such part of the income of the trust shall be included in computing the net income of the grantor."

■ Under the indentures of trust the plaintiff had the choice of receiving the income or allowing it to remain in the hands of the trustee to become a part of the corpus and so increase the income of the trust which at some future date would be subject to his own use if he chose to take it. He certainly exercised a discretionary power over it. I hold that this discretionary power clearly brings him within the purview of the statute.

In the case of Rollins v. Helvering, 92 F.2d 390, 395, Judge Stone of the Eighth Circuit Court of Appeals says: "Section 167 is not concerned with what is done under a trust agreement but with what might be done thereunder. The controlling statutory consideration is the existence of the described 'discretion,' not the way in which that discretion is actually exercised."

In the case of Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 337, 74 L.Ed. 916, Mr. Justice Holmes speaking for the court has this to say: "The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not."

Plaintiff does not take the position that Section 167 of the Revenue Act is unconstitutional but suggests that if applied to the facts in the instant case so as to require the plaintiff to pay a tax upon income of which he has entirely divested himself, it is so unreasonable, arbitrary and unjust as to constitute a violation of the Fifth Amendment of the Constitution.

■ The case of Burnet v. Wells, supra, is a five to four decision of the Supreme Court. Whatever may be said of the dissenting opinion by the minority members

of the court, the fact remains that it is a dissenting opinion and that a majority of the court appear to hold that the statute is not so unreasonable and arbitrary when applied to facts similar to those in the case at bar as to be a violation of the Fifth Amendment, and, therefore, unconstitutional.

I hold that the income of the 1928 trust and the surplus of the income of the 1930 trust are properly taxable to the plaintiff.

Plaintiff's request for rulings of law are denied so far as inconsistent with the foregoing opinion.

The order is, verdict for the defendant.