OPINION. Harron, Judge: Respondent’s first contention is that the income of trusts Nos. 2 and 3 is taxable to petitioner Blanche N. Hallowell under section 22 (a), as that section has been construed in Edward Mallinckrodt, Jr., 2 T. C. 1128; affd., 146 Fed. (2d) 1; certiorari denied April 9, 1945; rehearing denied April 30, 1945. This contention is predicated upon paragraph 2 of the trust indentures, which gives Blanche the unrestricted right to demand the income of the trusts within thirty days after the expiration of the fiscal year of each trust. Since the fiscal year-of trusts Nos. 2 and 3 ended on August 31 and October 31, respectively, respondent argues that petitioner, who was on a calendar year basis, had the unconditional power to receive the income of the trusts during each of her taxable years. We think this contention must be sustained. In Edward Mallinckrodt, Jr., supra, we held that a trust beneficiary who was entitled to receive the income of a trust upon his request was taxable upon such income, even though it was neither requested nor received by him during the taxable years. In support of our opinion we cited and relied upon Corliss v. Bowers, 281 U. S. 376, where it was pointed out that “if a man disposes of a fund in such a way that another is allowed to enjoy the income which it is in the power of the first to appropriate- it does not matter whether the permission is given by assent or by failure to express dissent * * *” and that “the income that is subject to a man’s unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not.” It is true that in the Mallinckrodt case, supra, the beneficiary was also a trustee and was given a general power of appointment by will over the property comprising the trust estate. In addition, with the consent of the other trustee, he might during his lifetime receive portions of the corpus, and upon termination of the trust, which was in the discretion of the trustees, he would receive the entire corpus. However, despite these additional powers, which are not present in this proceeding, our decision was primarily based upon the concept that one may not avoid taxation by turning his back upon funds that are his for the asking. This was also the basis upon which this Court was affirmed by the Circuit Court of Appeals for the Eighth Circuit, for in its opinion the Circuit Court said: We agree with the majority of the Tax Court that implications which fairly may be drawn from the opinions of the Supreme Court in Corliss v. Bowers, 281 U. S. 376, 378, supra, Helvering v. Clifford, 309 U. S. 331, supra, and other cases relative to the taxability of trust income to one having command over it, justify, if they do not compel, the conclusion that the undistributed net income of the trust in suit, during the years in question, was taxable to petitioner under § 22 (a). This, because the power of petitioner to receive this trust income each year, upon request, can be regarded as the equivalent of ownership of the income for purposes of taxation. In Harrison v. Schaffner, 312 U. S. 579, 580, the Supreme Court approved “the principle that the power to dispose of income is the equivalent of ownership of it and that the exercise of the power to procure its payment to another, whether to pay a debt or to make a gift, is within the reach of the statute taxing income ‘derived from any source whatever’.” It seems to us. as it did to the majority of the Tax Court, that it is the possession of power over the disposition of trust income which is of significance in determining whether, under § 22 (a), the income is taxable to the possessed of such power, and that logically it makes no difference whether the possessor is a grantor who retained the power or a beneficiary who acquired- it from another. See Jergens v. Commissioner, supra, (p. 498 of 136 F. (2d).). Since the trust income in suit was available to petitioner upon request in each of the years involved, he had in each of those years the “realizable” economic gain necessary to make the income taxable to him. See Helvering v. Stuart, 317 U. S. 154, 168-169; Helvering v. Clifford, supra (pages 336-337 of 309 U. S.) ; Helvering v. Gordon, 8 Cir., 87 F. (2d) 663, 667. Here, as in the Mallinckrodt case, supra, Blanche, upon her request, could receive the entire income of the trusts during each of her taxable years. If she did not request such income, it became part of the corpus and eventually would go to her grandchildren. During the taxable years, and since the inception of the trusts, none of the income was distributed. However, the unrestricted right which Blanche had to receive the income is the equivalent of ownership of the income for purposes of taxation. Petitioner argues, however, that the principle of the Mallinckrodt case is not applicable here because she did not have the right to receive the income of the trusts during the fiscal years of the trusts. This argument is untenable. It is recognized that the Hallowell trusts contain a provision which was not present in the Mallinehrodt trust, namely, that the trustee may pay to Blanche Hallowell all or part of the income “as received as he may from time to time deem advisable,” if he considers payment to be of benefit to the trust or the beneficiary. This provision gives the trustee a discretionary power to distribute trust income to Blanche Hallowell, but it does not limit in any way her right to request, at the end of a fiscal year, distribution to her of income which has been collected during a fiscal year and held by the trustee. Because the beneficiary has the power to receive trust income each year upon request, regardless of whether or not the trustee has exercised a discretionary power to distribute income to her, the conclusion must be that the undistributed income of the trusts in question for the taxablo years involved was taxable to her under section 22 (a), under the rule of the Clifford case, as applied in the Mallinehrodt case. The power of the beneficiary to receive income at the end of a fiscal year is the controlling and ultimate power over the disposition of the trust income. In our opinion, in Edward Mallinehrodt, Jr., supra, at pp. 1133 and 1134, we gave consideration to the relationship in the Internal Revenue Code of sections 161 and 162 to section 22 (a) in the light of the Clifford case. The question here, as in the Mallinehrodt case, arises under section 22 (a), and it must be decided under the broad reach of that section. Petitioner Blanche Hallowell was the owner of the income from the Hallowell trusts for purposes of section 22 (a). It is the existence of a power in her which is determinative of the question, not the amount of income which goes to her under her exercise of the power. The only effect of any exercise of a discretionary power by the trustee during any fiscal year of a trust is upon the amount of income to be received by the beneficiary when she makes her request to the trustee in the exercise of her power. In any event, the beneficiary, rather than the trust, is taxable upon all of the annual income of the trusts under the principle of the Clifford and MdlUnck-rodt cases. The important factor is that during her taxable year she had the unconditional power to receive the trust income. That power justifies the taxability of the trust income to her, for it is command over income which warrants the imposition of the tax. Having decided the main question in respondent’s favor, it is unnecessary to consider his alternative contention under Docket No. 4904 that Howard T. Hallowell, the grantor of the trusts, is taxable on the income of the trusts under the doctrine of the Clifford case. Respondent has determined that the income of the trusts is taxable to Howard T. Hallowell, and part of the deficiencies in Docket No. 4904 are due to that determination. Of course, respondent does not seek to tax the same income twice, to both Howard T. and Blanche N. Hallowell. Accordingly, in view of our holding in Docket No. 4903, the determination of respondent in Docket No. 4904 relating to the same income -of the same trusts is reversed. However, there must be a recomputation of income tax liability in Docket No. 4904, under Rule 50, because certain other adjustments were not contested. Reviewed by the Court. Decision will be entered for the respondent in Docket No. 4903, and decision will be entered under Rule 50 in Docket No. Jff>04- ARUNdell, /., dissents.