OPINION. KeRN, Judge'. Respondent has determined that the entire net income of the testamentary trust here in question for the years 1938, 1939, 1940, and 1941 is taxable to petitioner. As authority for this determination he relies strongly on Edward Mallinckrodt, Jr., 2 T. C. 1128; affd., 146 Fed. (2d) 1; certiorari denied, 324 U. S. 871; rehearing denied. In that case the taxpayer was the beneficiary of a trust and had the right, “currently and without any restriction whatever,” to take the entire income of the trust in excess of $10,000 payable to his wife. We there held that taxpayer was taxable upon the income of the trust which he could thus take, even though it was not actually requested by and paid to him. In our opinion we relied upon Helvering v. Clifford, 309 U. S. 331, and Corliss v. Bowers, 281 U. S. 376. In the latter case, as in the Mallinchrodt case, the income in question was subject to the taxpayer’s “unfettered command” and he was free to enjoy it at his own option. In the instant case a state court having jurisdiction over the trust in a contested proceeding involving its accounting held in 1944 that petitioner was not entitled to payments “beyond her necessities for support,” and it allowed to her from the trust income for that year $30,000 as “sufficient for the widow’s maintenance and support until it appears that a different allowance should be made” and directed the payment of the balance to petitioner’s adult children. Since the proceeding before the state court was an adversary action in which the question involving rights under the trust was decided on its merits by a court of competent jurisdiction, and no collusion is shown to have existed with regard thereto, its decision upon the property rights litigated before it is binding upon us, even though we were disposed, as we are not, to question the correctness of its decision. Freuler v. Helvering, 291 U. S. 35; Blair v. Commissioner, 300 U. S. 5; Louise Savage Knapp Trust A, 46 B. T. A. 846; Eisenmenger v. Commissioner, 145 Fed. (2d) 103. It should be pointed out that two questions were involved in the proceedings before the state court: (1) Whether under the trust instrument petitioner was entitled to whatever portion of the trust income she in her untrammeled discretion should demand, or was entitled only to that portion of the trust income which a court administering the trust would consider necessary for her support and maintenance, and, if her rights were thus limited, (2) what portion of the trust income was in the opinion of the court necessary for her support and maintenance in 1944. The decision by the state court on the first question would by logical necessity apply to petitioner’s rights under the trust at all times subsequent to its creation, while its decision on the second question would be binding only as to the year for which the accounting was presented. We conclude that petitioner during the taxable years was entitled to only that portion of the trust income which was necessary for her support and maintenance and that the actual amount thus payable to her was determinable by judicial discretion and not by her personal “arbitrary discretion.” It therefore follows that petitioner, under the Mallinckrodt case, is not taxable on all the trust income, but only on that part of the trust income which, during the taxable years, was necessary for her maintenance and support, even though she did not receive the full amount. For the year 1944 the state court decided that the amount so sufficient was $30,000. As we have pointed out, this decision is not binding on us as to the amounts so sufficient for the taxable years. However, the facts stipulated clearly indicate that this amount was sufficient for her maintenance and support in the taxable years. From 1981 to 1937 petitioner was paid an average of $30,000 a year from the trust. From 1938 to 1942 she was paid an average of $59,000 a year. However, it is stipulated that from the amounts so paid she made substantial gifts and accumulated a personal estate in excess of $200,000. We conclude that petitioner was entitled during the taxable years to income from the trust in the amount of $30,000, but not in excess thereof. Since the income actually received by her from the trust in 1938 and 1939 and upon which she paid taxes was less than this amount, there will be deficiencies in her taxes for those years. The amounts erroneously paid to.her by the trustees in 1940 and 1941 in excess of this amount were reported by her in her tax returns in the full amount paid, and consequently no deficiencies exist as to those two years. Decision«mil be entered under Rule 50.