Estate of Dick W. Paul, Deceased, the Florida National Bank of Jacksonville, Florida, Administrator, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 12891, 12892.   Promulgated August 5, 1948.

*S. Wayne Cahoon* for the petitioner.
*Newman A. Townsend, Jr., Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: The first issue for determination is whether the respondent was correct in increasing decedent's income in 1942 by the

amount of $2,335.93 received by him in that year as beneficiary of three trusts.

It is contended by the petitioner that such income was erroneously reported by the decedent on his 1942 return under the column "dividends," instead of, as it should have been, under "fiduciary income." On the basis of that explanation alone petitioner assigns as error respondent's increase of decedent's income for 1942 in the amount received from these trusts, alleging that increasing decedent's income in that amount results in his being taxed twice on the same income item.

The record does not divulge what amounts decedent received as dividend income in 1942, but it does show that he bought and sold stocks through a broker in that year. That no evidence could be produced to show the dividends received in that year was conceded by petitioner at the trial. Without some affirmative showing which would support petitioner's contention that such trust income was erroneously reported as dividend income, we have no alternative other than to sustain respondent's determination.

The failure by petitioner to substantiate its assignments of error also disposes of the second issue herein. Following the objection in its petition to respondent's including interest of $314.27 in 1942 and $123 in 1943, as subject to surtax only, no evidence relative to this issue was produced at the hearing and there was no discussion of this issue in petitioner's brief. In view of petitioner's failure to meet the burden of proving the Commissioner's determination invalid, these issues must be resolved in favor of the respondent. *Helvering* v. *Taylor*, 293 U. S. 507; *Hague Estate* v. *Commissioner*, 132 Fed. (2d) 775.

The final issue involved herein concerns the question of whether petitioner possessed such control over the bonds which had been impounded by court order pending the determination of a dispute of ownership between petitioner and other parties, as to constitute petitioner's being in constructive receipt of the interest accrued thereon from June 12 to December 31, 1944.

The standards for determining the taxability of income from assets not in the possession of the taxpayer are treated in Treasury Regulations 111, section 29.42–2.[1] For a taxpayer to be in constructive receipt of income from assets not reduced to his possession, such income must be credited or set apart and made available to him so that it may be drawn upon at any time. There can be no substantial limita-

---

[1] SEC. 29.42–2. INCOME NOT REDUCED TO POSSESSION.—Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the income must be credited or set apart to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time, and its receipt brought within his own control and disposition. * * *

tion or restriction as to the time or manner of payment or condition upon which payment is to be made. Applying these principles to the facts in the instant case, it is our opinion that petitioner possessed no control over, or established right in, the impounded bonds and was effectively barred by the court order from collecting the interest on the bonds until such time as the ownership dispute might be settled in its favor.

The order of the County Court of Pinellas County, Florida, in preserving certain assets alleged to have been part of decedent's estate, including the bonds in question, is determinative of the issue of "constructive receipt." It stated (1) that the bonds are to remain "separate and apart from any of the assets * * * until the further orders of this Court"; (2) that the bonds are "to remain in said box until an adjudication of the rights of said parties * * *"; and (3) that "said box should not be opened or tampered with in any way * * * without the consent of both of said parties or without the consent of this Court * * *."

We can not agree with respondent that this language accorded petitioner an "election" or "option" to collect the interest on these bonds, subject to a contingent liability to Mrs. Weaver and Miss Moffatt if the ownership dispute was decided in their favor. The order directed that the box was not to be opened or tampered with without the consent of both parties, or the consent of the court. These conditions certainly could not have been dissolved merely by petitioner's exercise of an option or election, as the order clearly imposed the obligation of obtaining the adverse party's consent or the consent of the court. It is impossible for us to believe that the county court, in view of its order restricting access to the box, would have allowed petitioner, without further proceedings, to remove the coupons and collect the interest.

The definition of taxable income has been stated as income that is subject to a man's unfettered command and that he is free to enjoy at his own option, whether he sees fit to enjoy it or not. *Corliss* v. *Bowers*, 281 U. S. 376. As it is our conclusion that petitioner's command over decedent's bonds was not sufficient to sustain respondent's determination that it constructively received as income the interest thereon, petitioner's tax liability on this issue must await the disposition of the suit instituted and now pending for the purpose of settling the question of ownership.

In view of the fact that in Docket No. 12891 the taxable years 1942 and 1943 are involved, effect should be given to the forgiveness features of the Current Tax Payment Act of 1943 in the recomputation of petitioner's tax liability.

*Decisions will be entered under Rule 50.*