HILBERT L. BAIR AND RUTH V. BAIR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23361.   Promulgated January 17, 1951.

*Julian H. Hyman, Esq.*, for the petitioners.
*Graham Loving, Jr., Esq.*, for the respondent.

OPINION.

BLACK, *Judge: Interest issue.*—Petitioner Ruth V. Bair is one of the grantor beneficiaries of the Goldsmith Trust, conceded to be a revocable trust, and petitioners have conceded the correctness of respondent's allegations in his amended answer relating to the portion of the trust income taxable to petitioners. However, respondent in the deficiency notice increased petitioners' net income by the amount of $1,109.14 which represents interest credited to the account of petitioner Ruth V. Bair in accordance with paragraph III of the trust indenture, and petitioners contest this adjustment.

In accordance with paragraph III of the trust instrument an interest adjustment was made by the trustee between the accounts of four of the former bondholders of F. & H. G. Interest in the amount of $1,109.14 was credited to the account of Ruth V. Bair on the books of the trustee. Two other former bondholders' accounts were credited with interest of $1,109.14 and $1,109.13, respectively, and the remaining former bondholder's account, that of Gertude Rosenblatt, was debited with interest of $3,327.41. Petitioner Ruth V. Bair during the year 1945, withdrew $9,000 in cash from the trust and the $9,000 was debited to the same account as the interest was credited. The two other former bondholders who were credited with interest during 1945, also withdrew $9,000 in cash; however, the remaining former bondholder whose account was debited with interest in the total amount of all the other bondholders' interest credits did not withdraw $9,000. The interest adjustment results from the indebtedness of the former bondholders to F. & H. G., and petitioner Ruth V. Bair received interest of $1,109.14 because she had borrowed less money from F. & H. G. than the average of all the former bondholders. As one of the former stockholders of F. & H. G., petitioner Ruth V. Bair had a net claim against the former bondholders and it was upon this net claim that the interest was actually computed and credited to her account.

Since the interest of $1,109.14 and the cash withdrawal of $9,000 were credited and debited to the same account, we hold that petitioner

Ruth V. Bair received an actual payment of interest because a payment not allocated by the parties is treated as a payment, first of interest and then of principal. *Millar Brainard*, 7. T. C. 1180, remanded pursuant to stipulation; *Estate of Paul M. Bowen*, 2 T. C. 1, and *Theodore R. Plunkett*, 41 B. T. A. 700, affd., 118 Fed. (2d) 644.

Petitioners contend that respondent is bound by his statement in the deficiency notice that the interest was constructively received and may not now argue that this interest was actually received. Respondent determined that petitioner Ruth V. Bair received interest of $1,109.14, and the parties have stipulated the facts necessary for our holding in this proceeding. Moreover, at the trial of this proceeding, petitioners were aware of respondent's argument of actual receipt of interest. Respondent determined in the deficiency notice that petitioner received interest of $1,109.14. As we said in *Millar Brainard*, *supra:*

\* \* \* It is our function, however, to redetermine a deficiency and not respondent's reasons for it. *Edgar M. Carnrick*, 21 B. T. A. 12; *Raoul H. Fleischmann*, 40 B. T. A. 672. See *Dorothy Whitney Elmhirst*, 41 B. T. A. 348. \* \* \*

Even though we find actual payment of interest here, there is an additional reason for including the interest in petitioner's income. Since the Goldsmith Trust is a revocable trust, for the purposes of taxation the trust entity is ignored and the income of the trust is included in the income of the grantors, section 166, Internal Revenue Code. The interest adjustment between the former bondholders of F. & H. G., while not income of the trust, represents interest arising from the borrowings of the former bondholders of F. & H. G. Were it not for these borrowings there would have been no interest adjustment between the former bondholders. Petitioner Ruth V. Bair as a former stockholder of F. & H. G. had a net claim against the former bondholders of F. & H. G. in an amount larger than the claims against her. All of these former bondholders were grantor beneficiaries of the Goldsmith Trust and the interest adjustment under the trust instrument directly affected the share of the corpus to which petitioner Ruth V. Bair was entitled. Since petitioner Ruth V. Bair had such control over the corpus to make the income therefrom taxable to her, it is only consistent to hold that the right to receive the interest under paragraph III of the trust instrument constitutes such control as to include it in petitioner's income, whether actually received or not. *Corliss* v. *Bowers*, 281 U. S. 376; *Helvering* v. *Clifford*, 309 U. S. 331. On this issue respondent is sustained. See *Gertrude Rosenblatt*, 16 T. C. 100, this day decided.

*Loss issue.*—Petitioners contend that the sums advanced to the Hildegarde Realty Co., Inc., represent loans to the corporation and

the loss upon liquidation of the corporation is a bad debt loss incurred in the trade or business of petitioner Hilbert Bair. Respondent has determined that the loss sustained by petitioner Hilbert L. Bair is a capital loss allowable only to the extent of 50 per cent.

In order that the Hildegarde Realty Co., Inc., might purchase the property under the contract it held and for which contract the corporation had issued all of its capital stock valued at $100, cash in the amount of $87,000 was needed. This money was supplied equally by its two sole and equal stockholders, one of whom was petitioner Hilbert L. Bair. For the purpose of purchasing other property and maintaining it, these two stockholders later advanced additional funds in equal proportions. The fact that the corporation was inadequately capitalized is obvious and the original $87,000, as well as the subsequent advances contributed by its stockholders, was immediately put at the risk of the business in the same manner as the capital of a normal corporation. While the funds advanced by petitioner Hilbert L. Bair were designated as loans to the corporation, we are not bound by the designation to the point where the true substance of the transaction may not be examined. *Sam Schnitzer*, 13 T. C. 43, affd., CA-9, January 9, 1951.

The Hildegarde Realty Co., Inc., was organized for the purpose of dealing in real estate. Its capital was nominal, $100, and as assignee of a contract to purchase property it immediately required $87,000 cash, and later additional funds, one-half of which was supplied by petitioner Hilbert L. Bair, the holder of one-half of the corporation's stock. In *Isidor Dobkin*, 15 T. C. 31, a case almost identical with the instant proceeding, we held on the authority of *Edward G. Janeway*, 2 T. C. 197, affd., 147 Fed. (2d) 602, that the contributions to a New York realty corporation in equal proportion to the stockholdings were capital contributions when placed at the risk of the business, although designated as loans for which notes were issued and upon which interest was paid. In the instant proceeding all of the contributions to the Hildegarde Realty Co., Inc., although designated loans, were actually capital contributions and we have so found. From this finding and on the authority of *Isidor Dobkin, supra*, we hold that the respondent did not err in determining that the loss on the liquidation of the corporation was a capital loss.

Because the only issues in controversy have been decided in favor of the respondent, and petitioners have conceded the correctness of respondent's addition to net income set out in the amended answer, a deficiency of $6,044.30 as set out in the amended answer will be entered.

*Decision will be entered for the respondent.*