**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert W. LIPPINCOTT,
Defendant-Appellant.**

**No. 76–2092.**

United States Court of Appeals,
Tenth Circuit.

Argued Jan. 24, 1978.

Decided May 17, 1978.

Rehearing Denied July 7, 1978.

Charles D. Anderson, Asst. Federal Public Defender, Wichita, Kansas (Leonard D. Munker, Federal Public Defender, Wichita, Kan., on brief), for defendant-appellant.

Benjamin L. Burgess, Jr., Asst. U. S. Atty., Wichita, Kan. (E. Edward Johnson, U. S. Atty., Topeka, Kan., on brief), for plaintiff-appellee.

Before SETH, Chief Judge, and LEWIS and BARRETT, Circuit Judges.

PER CURIAM.

Defendant was charged with tax evasion (26 U.S.C. § 7201) and with filing a verified tax return containing false statements (26 U.S.C. § 7206(1)) during 1968 and with the same offenses committed in 1969. The charges were premised on defendant's alleged failure to report as taxable income monies received and obtained by embezzlement. He was found guilty on all counts by a jury and appeals from the judgments of conviction contending the trial court erred in quashing subpoenas sought under Rule 16 and 17(a), Fed.R.Crim.P., requiring a government witness, one Richard Dillon, to produce a multitude of documents purporting to establish that the monies received were loaned to defendant by Dillon and thus did not constitute income. He also contends that the court erred in not allow-

ing proof that such loans were reduced to judgment in the Kansas state courts. Defendant's own testimony negatives the claimed merit of such contentions.

The government's evidence of guilt in this case was overwhelming and that portion of the proof conceded by defendant in his own testimony and pertinent to our review may be narrated.[1]

For some ten years both defendant and Dillon were employees of the Dillon Companies, Inc. (company). Defendant was a produce buyer and Dillon was manager of the company's operations in Kansas.[2] During this period over one million dollars was embezzled from the company. Defendant was the active embezzler, accomplishing the fraud internally by drawing false purchase orders, delivery receipts and similar accounting documents resulting in payment by the company for nonexistent merchandise. Final payment was by company check payable to one Weeks and addressed to a post office box number. Defendant was the fictitious Weeks and had rented the post office box. Defendant claims to have subsequently turned over one half of the fruits of the embezzlement to Dillon and retained half as a "loan." When this loan accumulated over the years, including 1968 and 1969, and reached the sum of $485,000 in February 1970, defendant executed a promissory note in such amount payable to the company and/or Dillon. This note was for defendant's protection. Referring to the note and Dillon, the defendant testified:

It represented, when I, toward the tail end of our deal when these things started to come up, I answered that I have some kind of protection because he promised me that that was his part of the deal was to protect me. . . .

The plan was instigated by Dillon.

█ Beginning with the initial inquiry of the IRS concerning income tax and continuing through this appeal defendant has consistently contended that the monies obtained from the company were a loan, and thus did not constitute reportable income. In projecting this contention, he simply ignores the critical fact that the loans, if such they were labeled, were made from funds which he admittedly embezzled and controlled. Embezzled funds are taxable during the tax years received and it matters not what voluntary disposition the embezzler makes of the monies. As Mr. Justice Blackmun, then a circuit judge, has stated:

. . . She [the embezzler] was the force and the fulcrum which made those benefits possible. She assumed unto herself actual command over the funds. This is enough. *Corliss v. Bowers,* 281 U.S. 376, 378, 50 S.Ct. 336, 74 L.Ed. 916 (1930). We are not sympathetic with the claim that, because she may not have used the funds for personal needs, she is not to be taxed.

*Geiger's Estate v. C. I. R.,* 8 Cir., 352 F.2d 221, 231–32, *cert. denied,* 382 U.S. 1012, 86 S.Ct. 620, 15 L.Ed.2d 527.

█ It follows without complication that the trial court did not err in rejecting the offer of proof that the note signed by defendant had been reduced to judgment. As indicated by the court this proof was irrelevant for it had no probative value as a purported defense. A completed embezzlement can't be baptized for tax purposes by the method used here for disposition of the fruits. So, too, in retrospect the quashing of subpoenas directed to Dillon's financial records cannot stand the test of relevancy. Additionally, the subpoenas were properly quashed as too broad and had to fail in form and substance as characterized by the trial court as patently "fishing expeditions."

The judgment is affirmed.

---

1. The narration includes some claims made by defendant concerning Dillon not proved by the government nor necessary for its case.

2. The company operated in at least two other states.