Estate of Sallie Houston Henry, Charles J. Biddle and Gerald Ronon, Executors, Petitioners, et al.,[1] *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 98955, 99053, 104335. Promulgated October 7, 1942.

---

[1] Proceedings of the following petitioners are consolidated herewith: S. F. Houston, and Gertrude Houston Woodward.

844

*Frederick E. S. Morrison, Esq., Joseph H. Grubb, Jr., Esq., Henry B. McLaughlin, Esq., John W. Bodine, Esq., Andrew B. Young, Esq.,* and *Richard K. Stevens, Esq.,* for the petitioners.

*Eugene G. Smith, Esq.,* for the respondent.

846

OPINION.

HARRON: The question is whether the dividend on the Standard Oil Co. stock which was paid to the trustees in the taxable year and held by them in the trust corpus was income which was to be distributed currently to the beneficiaries, within sections 161 (a) (2) and 162 (b) of the Revenue Act of 1934.

Petitioners contend that the Orphans' Court adjudication was a determination of property rights in the dividend which is binding upon this Board, and that the court's holding that the dividend was principal of the trust by virtue of the 1915 family settlement agreement is determinative of the question for purposes of the statute, so that the dividend was not income to be distributed currently to the petitioners. Petitioners rely upon *Blair* v. *Commissioner*, 300 U. S. 5, and *Freuler* v. *Helvering*, 291 U. S. 35.

Respondent argues that originally such dividends as are here in question were income which was to be distributed to the income beneficiaries of the trust, the life tenants, the Pennsylvania law making that presumption and there being no contrary provision in the will. Respondent cites *In re Waterhouse's Estate*, 308 Pa. 422; 162 Alt. 295, 296. See also, *Jennie Arrott Adams*, 44 B. T. A. 408, 414. Respondent then contends that petitioners are taxable on the dividend as income, whether or not it was actually distributed, under the theory that the right to the dividend was in petitioners and their direction to the trustees to retain the dividend in trust principal did not transfer liability for tax on income to the trustees. Respondent cites *Corliss* v. *Bowers*, 281 U. S. 376, for the above general principle, although the question here does not turn upon any element of control over income under the particular facts. Respondent contends that the adjudication of the Orphans' Court is not binding on the Board in determining the issue presented.

"The test of taxability to the beneficiary is not receipt of income but the present right to receive it." *Freuler* v. *Helvering*, *supra*. We assume, *arguendo*, that under the testator's will and the rule of Pennsylvania law to the effect that an extraordinary distribution paid out of earnings belongs to the life tenant as opposed to the remaindermen, the petitioners originally were entitled to receive any and all such dividends. The family settlement agreement of 1915 and the supplemental agreement of 1922 had the effect of an "assignment" or release

to the trustees by the life tenants of their right to receive extraordinary dividends. For convenience we may regard the family settlement agreement as such "assignment" by the life tenant. The assignment became irrevocable and forever binding in 1931. That is the ruling of the Orphans' Court of Philadelphia County. That ruling was a determination of property rights in extraordinary corporate distributions. The executors of the estate of Sallie Houston Henry were demanding distribution of a one-third share of the Mission Corporation stock, an extraordinary dividend, under a claim of right thereto. The Orphans' Court denied the claim, holding that the dividend belonged to the trustees as principal of the trust under the 1915 agreement, which became binding on Sallie Houston Henry and others in 1931. That holding of the court determined, as between the trustees and the life tenants, the validity of the assignment of certain kinds of dividends to the trustees under the 1915 agreement. In other words, in 1935, when the stock dividend was paid, all right thereto vested at once in the trustees and at no moment did any of petitioners here have any right of property in the extraordinary corporate distribution. It follows that there was no ownership in the petitioners to which income tax attached, since petitioners had no present right in 1935 to receive the dividend. The question is controlled by *Blair* v. *Commissioner, supra.*

The determination of the Orphans' Court, as set forth above, is binding on this Board, because it determined the validity of the assignment by the life tenants to the trustees of all right to certain types of dividends. "The order of the court having jurisdiction of the trust is determinative as to what is distributable income for purpose of division of the tax between the trust and the beneficiary." *Freuler* v. *Helvering, supra; Susan B. Armstrong,* 38 B. T. A. 658; *Jennie Arrott Adams, supra; Estate of George H. Balzereit,* 46 B. T. A. 959; *Blair* v. *Commissioner, supra.*

Respondent seeks to bring this case within the exception to the rule respecting the binding effect of determinations of property rights by state courts recognized in *Lewis Spencer Morris, Trustee,* 40 B. T. A. 988. The *rationale* of the *Morris* case has no application here. In that case the Board refused to apply the state court's decree in determining the issue because there were criteria established by Congress as to what expenses are deductible for Federal tax purposes. Here, we may not disregard the holding of the Orphans' Court, for to say that a valid and binding assignment of right to the special dividends to the trustees was not made by the life tenants would be arbitrary, to say the least. *Blair* v. *Commissioner, supra.*

There remains only the question whether the life tenants, petitioners, having made a valid assignment prior to the taxable year of part of their interest in the trust, are still taxable upon the dividends in question. That question is controlled by *Blair* v. *Commissioner, supra;*

*Commissioner* v. *Field*, 42 Fed. (2d) 820; *Ellen S. Booth*, 36 B. T. A. 141; affd., 103 Fed. (2d) 1008. The original right of the life tenants to receive income was an equitable interest, a property right which was alienable in whole or in part. The trustees became the owners of the specified beneficial interest in income of the trust consisting of special kinds of dividends. In 1935 the trustees received the dividend in question as owners thereof. Owning the beneficial interest in the dividend, the trustees could not have distributed it to the life tenants because they no longer owned the beneficial interest. The dividend was not income to be distributed currently. Accordingly, the trustees were taxable on the dividend paid in the Mission stock in 1935. Respondent is reversed.

*Decision will be entered under Rule 50.*