DOROTHY K. SUNDERLAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2102.   Promulgated September 29, 1944.

*George Craven, Esq.,* and *Montgomery B. Angell, Esq.,* for the petitioner.

*Arthur Groman, Esq.,* for the respondent.

90

OPINION.

HARRON, *Judge*: The only question is whether the income from the securities which petitioner had delivered to Fletcher in prior years is taxable to petitioner. Respondent has determined that it was taxable to her.

Petitioner contends that the securities in question were held by Fletcher subject to the provisions of the trust indentures executed by her husband; that the income paid to her was impressed with a trust, so that she was a subfiduciary for her children with respect to such income, and that, consequently, she is not taxable on the income under section 167 (a) (2).

Petitioner, of course, was not the "grantor" of the trusts created by her husband. He was the grantor. It is not necessary to determine whether or not petitioner created any trusts adopting the same provisions as those of her husband's trust or to determine whether or not her securities became part of the estate of each trust created by her husband. Respondent contends that petitioner is liable for tax upon the income from her securities under the broad scope of section 22 (a). And so the question is, according to our understanding, whether section 22 (a) makes the income in question taxable to petitioner, assuming that her securities were held in trust and subject to the provisions of the trust indentures executed by her husband, however it could be concluded that such result is attained.

The trust indentures authorized the trustee, during the minority of each beneficiary, to pay income to petitioner without any obligation on his part to see that the income was applied to the use and benefit of the beneficiaries. Petitioner had substantial income-producing property of her own. She was accustomed to use some of her income for the benefit of her children, although under New Jersey law she was not required to support her children in any respect during the lifetime of their father. She continued that practice during 1940, and after she had delivered securities to Fletcher. She commingled his payments of income to her with her general funds. She was free to do this. However, she had as complete freedom over the use of any income paid to her by Fletcher as she had over all her other income derived from her separate property, because, since Fletcher was not obliged to see that she used the income which he paid to her for the use of her children, she could, for every practical purpose, use that income however she might determine. Also, because she followed the course of commingling all of her funds from every source in a general bank account, it became impossible to trace any item of expenditure out of the general bank account to any specific source.

The consequence of the entire situation was that petitioner's control over the income of the securities in question and her economic advantages therefrom were exactly the same after she delivered the securities to Fletcher as before. In this situation, we think respondent's determination must be sustained, and that petitioner is taxable on the income from those securities under section 22 (a). See *Corliss* v. *Bowers*, 281 U. S. 376, which has given us the doctrine that the income that is subject to a man's unfettered command may be taxed to

him. Petitioner, during the minority of her children, is practically assured of receiving the income, all or part, from the property held by Fletcher, and her use of the income is wholly within her discretion. She knew this when she delivered securities to Fletcher, and that there would not be any real change in her command over the income produced. We do not know her intent, because she did not give testimony. The facts show that she took no definitive step to surrender all of the command over the income, but, for practical purposes, she knew she retained such command.

In *Douglas* v. *Willcuts*, 296 U. S. 1, Douglas created trusts providing that the income was to be paid to Mrs. Douglas up to certain amounts. Thus, with respect to fixed amounts of income, he was not to receive such income, and he contended, *inter alia*, that section 167 did not apply. In holding Douglas taxable on the income set aside for his wife under the trust, the Supreme Court applied the broad provisions of section 22 (a), stating that the definition of gross income is to be considered "in the light of the evident intent of the Congress 'to use its power to the full extent.' " The Court also pointed out that other provisions of the statute, namely, those contained in section 167, are not to be regarded "as excluding instances not specified, where in contemplation of law the income remains in substance that of the grantor."[1]

In this case the principle underlying the view thus expressed by the Supreme Court must be applied, notwithstanding the difference between the facts in this case and the facts in *Douglas* v. *Willcuts*. Assuming that the terms of the trust indentures executed by petitioner's husband control the disposition of the income from the property given to Fletcher by petitioner, as a matter of local law, the basic question is whether or not such income in reality remained the income of petitioner. We think the answer to that question must be in the affirmative, because the provisions of the indentures were such that the income from petitioner's securities remained her income during the minority of each child, for all practical purposes. It is held that petitioner, in 1940, is taxable on the income.

Reviewed by the Court.

*Decision will be entered for the respondent.*

———

ARUNDELL, *J.*, dissenting: I find myself in disagreement with the conclusion reached by the majority. We are dealing here with tax-

---

[1] *Douglas* v. *Willcuts*, 296 U. S. 1: "* * * Nor are the provisions of the statutes (Revenue Act 1926, § 219 (h), 26 USCA § 167 note; Revenue Act 1928, § 167, 26 USCA § 167 note) defining instances in which the grantor remains taxable, as in case of certain reservations for his benefit or provisions for the payment of premiums upon policies of insurance on his life, to be regarded as excluding instances not specified, where in contemplation of law the income remains in substance that of the grantor. No such exclusion is expressed and we see no ground for implying it."

able income from two identical trusts created by petitioner's husband for the benefit of their minor children. These trusts were created in 1934 and are irrevocable. Paragraph No. 1 of each trust instrument states that the trustee is to pay or apply the net income for the use of the particular child. The father has been taxed on so much of this income as was derived from the securities placed in the trust by him and this action, undoubtedly, was taken on the ground that this money served to defray an obligation imposed upon the father to support his minor children. *Douglas* v. *Willcuts*, 296 U. S. 1.

During 1935, 1936, and 1938 petitioner, the mother of the children, turned over to the trustee of the two trusts theretofore created certain securities, with the instruction that they be held on the same terms and conditions as the funds placed in the trusts by the father. But, the mother, under New Jersey law, is under no obligation to support the children and the income from the mother's securities was reported by the trusts for tax purposes.

The majority would tax the petitioner–mother on this income on the ground that by reason of section 3 of the trust instruments the income was paid to her without restrictions as to its use. In other words, it was her income and she was under no obligation to spend it for the use of the children. This conclusion is reached even though the income was, in fact, used by the mother for the use of her children. In my opinion such a conclusion does violence to the plain terms of the trust instruments. It seems clear to me that when petitioner received the entire income of the trusts she was charged with the duty to spend it for the use of the children and an arbitrary exercise of the power would be subject to judicial control. *Lambeck* v. *Lambeck*, 73 N. J. Eq. 427; 68 Atl. 337; *Plummer* v. *Gibson*, 59 N. Y. Eq. 68; 45 Atl. 284. The rule is well stated in Scott on Trusts, sec. 185, p. 975:

Where the person upon whom the power of control is conferred is neither a co-trustee nor a beneficiary but is a third person otherwise unconnected with the administration of the trust, the power is ordinarily conferred upon him as a fiduciary, and not for his own benefit. In such a case, although the holder of the power is not a trustee of the estate, he owes duties to the beneficiaries with respect to the exercise of the power. * * *

Sternhagen, Black, and Mellott, *JJ.*, agree with this dissent.