ELIE J. DUBAY and MARY DUBAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dubay v. Commissioner
Docket No. 5195-77.
United States Tax Court
T.C. Memo 1979-418; 1979 Tax Ct. Memo LEXIS 110; 39 T.C.M. (CCH) 309; T.C.M. (RIA) 79418; October 3, 1979, Filed Elie J. Dubay, pro se. Scott A. Taylor, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1974 in the amount of $1,050.63. The issues for decision are: 1) Whether a subsidy of $2,250 received by petitioners from the United States Department of Agriculture for the construction of a dam is includable in gross income; and 2) Whether petitioners are entitled to deduct certain other costs incident to the construction of such dam. Petitioners also contested the disallowance by respondent *111 of certain other expenses claimed by petitioners as deductions in their return. However, petitioners did not present any proof with respect to such items. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Elie J. Dubay and Mary Dubay, husband and wife, duly filed a joint Federal income tax return on the cash receipts and disbursements method of accounting for the taxable year 1974. In said return petitioners claimed $6,268 as miscellaneous expenses, of which $5,241.50 was disallowed by the respondent. Petitioners thereafter filed a petition with this Court protesting said disallowance. At the time of filing the petition herein, petitioners resided in Minneapolis, Minnesota. On April 19, 1974, Mr. Dubay requested cost-sharing under the Rural Environmental Assistance Program to construct a G-2 Wildlife Project. Thereafter, petitioner acquired from Armco Steel Corporation materials having the value of $2,250 for use in the construction of a dam pursuant to that program. Such materials were duly received by petitioner and used in the construction *112 of the dam. Thereupon, the Department of Agriculture, in accordance with the Program, duly paid to Armco Steel Corporation the sum of $2,250 through the Kanabec County Committee. During the taxable year 1974, in addition to the subsidy of $2,250.00, the petitioner expended $3,392.50 for the construction of said dam consisting of the following: Glen Reese (dam construction)
$2,500.00
Surveying
300.00
Tree Clearing
120.00
Mileage
472.50
Total
$3,392.50
The payment of $2,250.00 by the Department of Agriculture was reported in income by petitioners and the above construction costs totaling $3,392.50 were deducted by petitioner. Other so-called personal expenditures which were deducted and disallowed by the respondent consisted of the following: Lost Wages $ 386.00
Truck Expense
451.00
Office and Supplies
190.00
Parts
822.00
Total
$1,849.00
OPINION In their Federal income tax return for the taxable year 1974, petitioners included in income the sum of $2,250.00 consisting of a cost-sharing payment by the Department of Agriculture to aid petitioners in the construction of a dam on their property.Petitioners now claim that said payment *113 was reported in error. Federal subsidy payments made on behalf of a taxpayer have long been treated as gross income. Baboquivari Cattle Company v. Commissioner,135 F.2d 114 (9th Cir. 1943). Consistent therewith, respondent has adopted a similar position in Rev. Rul. 76-6, 1976-1 C.B. 177. [1]
*114 Petitioner also claims that the sum of $2,250.00 was improperly reported in the year 1974 because the Department of Agriculture subsequently requested the repayment of said sum from the petitioners for failure to comply with the specifications. Such request was later withdrawn. Regardless of the merits of the request, petitioners' return was filed on a cash receipts and disbursements method of accounting. The funds were received, directly or indirectly, by petitioners during the taxable year 1974 under a claim of right. Unless and until such time that petitioners repaid this amount, it was their income. In the event of a subsequent repayment, petitioners would have been entitled to deduct the amount repaid. Corliss v. Bowers,281 U.S. 376 (1930) and North American Oil Consolidated v. Burnet,286 U.S. 417 (1932). Petitioners also deducted expenditures for the construction of the dam including: Glen Reese (dam construction
$2,500.00
Surveying
300.00
Tree Clearing
120.00
Mileage
472.50
Total
$3,392.50
The dam built with such funds was a permanent improvement to petitioners' land whose useful life clearly extends beyond *115 one year. Thus all of petitioners' expenditures except mileage are capital and not deductible in the year incurred. As for the mileage expenditure, petitioners' failure to produce any evidence to show the nature of this outlay bars its deductibility. Welch v. Helvering,290 U.S. 111, 115 (1933); T.C. Rule 142(a). The other expenditures deducted by petitioners and disallowed by the respondent consisted of the following: Lost Wages $ 386.00
Truck Expense
451.00
Office & Supplies
190.00
Parts
822.00
Total
$1,849.00
It is axiomatic that "lost wages" is not an allowable deduction. No proof was offered by petitioners to show that the remaining deductions constituted expenditures incurred by petitioners in a trade or business or in the production of income. Decision will be entered for the respondent. Footnotes
1. In Harding v. Commissioner,T.C. Memo 1970-179, this Court said: *** While it might seem inconsistent for the government to offer to share the cost of an expenditure to be incurred by the taxpayer in the making of farm improvements, while at the same time taxing his contribution towards such costs as gross income, the law in this respect is well settled. Where the Congress intends that such payments be excluded from gross income, either the enabling legislation or the Internal Revenue Code specifically provides for the exclusion. Thus, for example, section 621 specifically excludes payments received on account of capital expenditures for the exploration, development or mining of critical and strategic minerals or metals. Since there is no similar provision excluding payment under the Great Plains Conservation Program, such payment would fall within the broad definition of gross income in section 61.↩