T.C. Memo. 2012-5


UNITED STATES TAX COURT


ASHLEY M. WALKER, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos.  1465-08,  1466-08,   Filed January 9, 2012.
                1467-08, 15055-08,
              15056-08, 15057-08,
              15058-08, 15395-08.


        Ashley M. Walker, pro se in docket Nos. 1465-08 and

15057-08.

        Aaron S. Walker, pro se in docket Nos. 1466-08 and 15058-08.

        Alex K. Walker, pro se in docket Nos. 1467-08 and 15056-08.

---

        [1]Cases of the following petitioners are consolidated
herewith:  Aaron S. Walker, docket Nos. 1466-08 and 15058-08;
Alex K. Walker, docket Nos. 1467-08 and 15056-08; Donald R. and
Jennie L. Walker, docket No. 15055-08; Ashley M. Walker, docket
No. 15057-08; and Donald R. Walker, LLC, Donald R. Walker, Tax
Matters Partner, docket No. 15395-08.

Donald R. and Jennie L. Walker, pro sese in docket No. 15055-08.

Donald R. Walker, pro se in docket No. 15395-08.

Stewart Todd Hittinger, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined deficiencies, penalties, and additions to tax in the individual petitioners' Federal income taxes as follows:

Ashley M. Walker (Docket No. 1465-08)

| Year | Deficiency | Penalty Sec. 6662(a) | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|----------------------|--------------------------------|
| 2003 | $23,267 | $4,653.40 | $2,323.65 |

Aaron S. Walker (Docket No. 1466-08)

| Year | Deficiency | Penalty Sec. 6662(a) | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|----------------------|--------------------------------|
| 2003 | $16,443 | $3,288.60 | $1,109.55 |

Alex K. Walker (Docket No. 1467-08)

| Year | Deficiency | Penalty Sec. 6662(a) | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|----------------------|--------------------------------|
| 2003 | $25,387 | $5,077.40 | $2,692.65 |

Donald R. and Jennie L. Walker (Docket No. 15055-08)

| Year | Deficiency | Penalty Sec. 6662(a) | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|---------------------|--------------------------------|
| 2003 | $362,927 | $72,585.40 | $46,620.60 |
| 2004 | 139,149 | 27,829.80 | --- |
| 2005 | 141,734 | 28,346.80 | --- |

Alex K. Walker (Docket No. 15056-08)

| Year | Deficiency | Penalty Sec. 6662(a) | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|---------------------|--------------------------------|
| 2004 | $48,546 | $9,709.20 | --- |
| 2005 | 56,812 | 11,362.40 | --- |

Ashley M. Walker (Docket No. 15057-08)

| Year | Deficiency | Penalty Sec. 6662(a) | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|---------------------|--------------------------------|
| 2004 | $43,888 | $8,777.60 | --- |
| 2005 | 50,067 | 10,013.40 | --- |

Aaron S. Walker (Docket No. 15058-08)

| Year | Deficiency | Penalty Sec. 6662(a) | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|---------------------|--------------------------------|
| 2004 | $28,062 | $5,612.40 | --- |
| 2005 | 31,017 | 6,203.40 | --- |

In a Notice of Final Partnership Administrative Adjustment (FPAA) sent to Donald R. Walker, LLC (Walker LLC), respondent determined that income of the Walker LLC should be increased by $871,737, $685,893, and $751,453 for 2003, 2004, and 2005, respectively. After concessions, the primary issue for decision is whether L & R Investments, LLC (L & R), is an entity with a valid business purpose with income taxable to the respective petitioners in the percentages claimed on their tax returns or is

part of a scheme lacking economic substance, created for the purpose of avoiding Federal income taxes and disregarded for tax purposes. If L & R is disregarded, the dental practice income of the LLC shall be taxed to Donald R. Walker and Jennie L. Walker (senior Walkers) and not to the other individual petitioners. In that event, we must decide whether the senior Walkers are liable for the section 6662(a) penalties respondent determined.

Petitioners failed to appear for trial and were declared in default. Respondent presented evidence in relation to the penalty issues. As a result, and after petitioners failed to respond to an order to show cause giving them an opportunity to object, the cases were submitted on the stipulation of facts that had been filed on an earlier occasion and on the testimony respondent presented.

The stipulation executed by the parties includes computations of the deficiencies in the individual petitioners' tax liabilities in the event that the Court finds that L & R is disregarded for tax purposes. Any issues not addressed by the stipulation or in this opinion are decided against petitioners by reason of their defaults. See Rules 123, 149. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Alex K. Walker resided in Florida and the other individual petitioners resided in Indiana when their petitions were filed. The principal place of business of the Walker LLC was in Indiana when its petition was filed.

The senior Walkers were married to each other at all material times. They are the parents of four children, only three of whom, Ashley M. Walker, Aaron S. Walker, and Alex K. Walker (Walker children), are petitioners. During 2003, the Walker children ranged in age from 24 to 29 years old.

Petitioner Donald R. Walker is a licensed and practicing dentist and oral surgeon. He has practiced dentistry and oral surgery since about 1975. Before the formation of the Walker LLC, Donald R. Walker operated his dental and oral surgery practice in the name of Donald R. Walker, DDS, Inc., of which he was the only shareholder. Donald R. Walker, DDS, Inc., filed its Federal income tax returns on Forms 1120S, U.S. Income Tax Return for an S Corporation. The income from the Donald R. Walker, DDS, Inc. Forms 1120S was reported on Schedules K-1, Shareholder's Share of Income, Deductions, Credits, etc., and flowed through to the joint individual income tax returns the senior Walkers filed.

The Walker LLC was created with the assistance of an attorney, Scott C. Cole, who explained the purported advantages of using multiple limited liability companies to own and operate the dental and oral surgery practice. The entities petitioners created were patterned after entities utilized by Scott C. Cole and his brother, Darren T. Cole, to avoid income and employment taxes on their law practice, as described in detail in Cole v. Commissioner, T.C. Memo. 2010-31, affd. 637 F.3d 767 (7th Cir. 2011).

Beginning with the taxable year 2000, through and including the year 2008, all of the income from Donald R. Walker's dental and oral surgery practice was reported on partnership returns of the Walker LLC. During the years in issue the dental and oral surgery services performed and billed by the Walker LLC were done pursuant to professional licenses and certificates obtained by Donald R. Walker.

The returns of the Walker LLC for 1999 through 2006 reported that the LLC was owned 1 percent by Donald R. Walker and 99 percent by L & R. The ordinary business income of the dental practice, as reflected on the partnership returns of the Walker LLC for 1999 through 2006, was allocated 1 percent to Donald R. Walker and 99 percent to L & R.

L & R was organized in the State of Indiana on December 28, 1999.  Scott C. Cole was the organizer of L & R.  Donald R. Walker was the only individual that contributed any property to L & R when it was organized.  No other individuals ever contributed anything to the entity in exchange for interests in L & R.

L & R conducted no business in its own name.  It had no employees.  It was not involved in the practice of dentistry, other than by its alleged ownership of 99 percent of the Walker LLC, and did not have any licenses or permits to practice dentistry or any other business.  L & R filed Forms 1065, U.S. Return of Partnership Income, for 2000 through 2006, prepared by Scott C. Cole.  All of the gross receipts L & R reported during the years in issue were attributed to the Walker LLC.

Schedules K-1, Partner's Share of Income, Credits, Deductions, etc., attached to L & R's partnership returns reported that the entity was owned as follows:  16 percent by the oldest daughter of the senior Walkers; 16 percent by Ashley M. Walker; 16 percent by Aaron S. Walker; 16 percent by Alex K. Walker; 16 percent by Jennie L. Walker; and 20 percent by Donald R. Walker.  The Walker children reported the income shown on the Schedules K-1 on personal income tax returns prepared by Scott C. Cole from information provided by Donald R. Walker.  The individual petitioners' returns for 2003 were due, pursuant to

filing extensions obtained, by August 15, 2004, but they were not filed until October 18, 2004.

Reporting of L & R's income on the individual income tax returns of the Walker children resulted in significant income tax liabilities being reported on those returns for each of the years 2003, 2004, and 2005. However, total taxes reported on the income earned from Donald R. Walker's dentistry and oral surgery practice were reduced as a result of reporting that income as distributable among the owners of L & R.

Donald R. Walker paid the tax liabilities reported on each of the Walker children's Federal income tax returns for the years 2003, 2004, and 2005. The Walker children did not receive distributions of funds, either by cash or check, from L & R. However, they did not suffer adverse financial impact from the reporting of L & R's income on their tax returns because their father paid the resulting tax obligations.

Petitioner's oldest daughter was married to a lawyer and did not want any income or loss from L & R reported as income or loss to her, although she was not opposed to having certificates of ownership issued in her name. Consequently, no income from L & R was reported as attributable to her ownership interest in the entity, and she is not a party to these proceedings.

The notices of deficiency issued to the Walker children take a "whipsaw" position with respect to the portions of income reported from L & R and the inclusion of all the income of L & R as attributable to Donald R. Walker.  Respondent moved for consolidation of these cases and acknowledges that the income of the Walker LLC that flows through to L & R should be taxed only once; thus to the extent the income is taxable to Donald R. Walker, it should not be taxed to the Walker children.

Pursuant to the stipulation of the parties, deductions are disallowed for contributions to retirement plans of $67,488 claimed on the 2003 Form 1065 filed on behalf of L & R and for automobile and truck expenses of $12,336 and telephone expenses of $3,446 claimed on the 2004 Form 1065 filed on behalf of L & R.

The underpayments resulting from disregarding L & R and disallowing the deductions specified in the preceding paragraph are in excess of $5,000 and more than 10 percent of the tax required to be shown on the tax returns of the senior Walkers for each of the years in issue and thus are substantial understatements of income tax for purposes of section 6662(d). The senior Walkers have not argued or shown reasonable cause for the underpayments of tax.  Their persistence in underreporting their tax liabilities after the notices of deficiency were sent and the petitions were filed negates good faith within the meaning of section 6664(c)(1).

OPINION

Preliminary Matters

The procedural history of these cases is set out here to explain why the facts found are summary. The petitions in these cases were filed by then counsel of record for petitioners during the first 6 months of 2008. In September 2008 different counsel appeared for petitioners, substituting for counsel who had filed the petitions. By notice served October 21, 2008, the cases were set for trial in Indianapolis, Indiana, on March 23, 2009. When the cases were called for trial, the parties reported that they had reached a basis of settlement. They were ordered to submit their proposed decisions or to file reports by June 26, 2009. On June 8, 2009, Scott C. Cole was substituted as counsel for petitioners. On August 21, 2009, respondent reported that petitioners no longer wished to settle the cases.

By notice served November 25, 2009, the cases were set for trial in Indianapolis on May 3, 2010. The Court's standing pretrial order was attached to the notices setting the cases for trial and contained express directions about pretrial preparation and deadlines for pretrial memoranda and other matters. The notices and orders warned of the consequences of failing to appear for trial and incorporated reference to Rule 133, which provides in relevant part: "A motion for continuance, filed 30 days or less prior to the date to which it is directed * * *

ordinarily will be deemed dilatory and will be denied unless the ground therefor arose during that period or there was good reason for not making the motion sooner." The standing pretrial orders also required that all documents filed after the notice of trial be served on all other parties, with a certificate of service as required by Rule 21(b).

On March 17, 2010, respondent moved for consolidation of the cases for trial, briefing, and opinion. Although ordered to respond, petitioners did not do so. The motion to consolidate was granted. Rule 141(a) sets forth rules applicable to filing documents in consolidated cases.

In a conference call before the date of trial and on the record on May 3, 2010, the Court discussed with the parties the apparent applicability of Rule 24(g) with regard to Scott C. Cole's representation of the senior Walkers, on the one hand, and the Walker children, on the other. Thereafter, Scott C. Cole was withdrawn as counsel for the Walker children but continued to represent the senior Walkers. The cases were continued, but the parties were directed to file a stipulation of facts. The stipulation was filed May 21, 2010, and was signed by the Walker children and the senior Walkers, as well as by Scott C. Cole. Among other things, the stipulation disclosed that Scott C. Cole had prepared the tax returns reflecting the allocation of income disputed in these cases.

By notice served November 17, 2010, the cases were set for trial on April 18, 2011, and the standing pretrial order was again served on the parties.  On April 1 and 7, 2011, the Court received from Scott C. Cole documents seeking a continuance, but the documents could not be filed because they did not comply with the standing pretrial order or Rule 21(b) or 141(a) and because Scott C. Cole purported to act on behalf of the Walker children despite his prior withdrawal from representing them.  The documents were returned unfiled, as was a late pretrial memorandum that was similarly defective.

The cases were called for trial on April 18, 2011.  Scott C. Cole and Donald R. Walker appeared.  Darren T. Cole purported to appear on behalf of the Walker children, but he failed to provide properly executed entries of appearance as required by Rule 24(a)(3).  No motion for continuance was made or mentioned.  With the acquiescence of all present, the trial was set for the following afternoon for testimony of Donald R. Walker with respect to the penalties at issue in the cases.

The cases were called for trial on the afternoon of April 19, 2011.  Donald R. Walker was not present.  Scott C. Cole moved to withdraw as counsel for the senior Walkers.  Darren T. Cole was present and purported to speak on behalf of the Walker children but still failed to execute proper entries of appearance.  Both Scott C. Cole and Darren T. Cole represented

that their clients wished to have the cases submitted on the stipulation.  Scott C. Cole was withdrawn as counsel for the senior Walkers.  Both Scott C. Cole and Darren T. Cole left the courtroom when respondent's counsel commenced an opening statement.  Respondent presented evidence that erroneous tax reporting by petitioners continued for 2007 and 2008, showing a continuing pattern of improper tax reporting.

By order served April 28, 2011, petitioners were ordered to "show cause in writing, if any they have, why these cases should not be decided on the Stipulation of Facts filed May 21, 2010, and the authorities and arguments set forth in respondent's Pretrial Memorandum."  The order also stated that "such showing shall include any motions, memoranda of law, or briefs that petitioners wish for the Court to consider in deciding these cases."  The deadline for response was extended to August 26, 2011, on the motion of Donald R. Walker, who represented that he wished to obtain counsel to help him file a response to the order to show cause.  New counsel (the fourth in these cases) entered an appearance for the senior Walkers on July 27, 2011, but no response to the order to show cause was received from any petitioner.  On September 27, 2011, new counsel moved to withdraw.

As a result of the foregoing events, the Court concludes that petitioners have failed properly to prosecute these cases.

See Rules 123, 149. It also appears that petitioners have maintained these cases primarily for delay. See sec. 6673. However, because the record contains the stipulation of facts and the testimony respondent presented, the issues addressed in the stipulation will be discussed in this opinion.

Deficiencies

Approximately 1 month before submission of these cases, in Cole v. Commissioner, 637 F.3d at 777 (Cole cases), the Court of Appeals for the Seventh Circuit described the basic legal principles applicable here as follows:

> Under the assignment of income doctrine, taxpayers may not shift their tax liability by merely assigning income that the taxpayer earned to someone else. Kenseth v. Comm'r, 259 F.3d 881, 884 (7th Cir. 2001) (citing Lucas v. Earl, 281 U.S. 111, 114-15 (1930); United States v. Newell, 239 F.3d 917, 919-20 (7th Cir. 2001)). In Lucas, the Supreme Court held that a taxpayer's salary may not escape tax "by anticipatory arrangements and contracts however skillfully devised to prevent the salary when paid from vesting even for a second in the man who earned it." 281 U.S. at 114-15. Tax law makes "no distinction . . . according to the motives leading to the arrangement by which the fruits are attributed to a different tree from that on which they grew." Id. at 115. In Griffiths v. Helvering, the Court refused to allow "the refinements of title" to determine a taxation issue and focused instead on the "actual command over the property taxed." 308 U.S. 355, 357 (1939) (quoting Corliss v. Bowers, 281 U.S. 376, 378 (1930)). The Court held that "a lawyer's ingenuity devised a technically elegant arrangement" that created "an intricate outward appearance . . . to the simple sale . . . and the passage of money." Griffiths, 308 U.S. at 357. [Parallel citations omitted.]

Many more cases illustrating the applicable legal principles could be cited, but in the absence of any other authorities cited or arguments made by petitioners, it is unnecessary to belabor the obvious. The stipulated facts in these cases compel the conclusion that the income of L & R, which resulted solely from services performed by Donald R. Walker in his dentistry and oral surgery practice, should have been reported by and is taxable to the senior Walkers on their joint tax returns for the years in issue. The attempt to reduce total income taxes and avoid employment taxes by creating a limited liability company with the Walker children, whose tax returns were prepared by Scott C. Cole and whose reported taxes were paid by their father, must fail.

Petitioners suggest that these cases are distinguishable from the Cole cases. The most obvious distinction is that Scott C. Cole and his brother and law partner Darren T. Cole were penalized under section 6663 for fraud in their cases, whereas only the accuracy-related penalty of section 6662 is disputed in these cases. See Cole v. Commissioner, T.C. Memo. 2010-31. (Only Scott C. Cole and his wife appealed our decision, so the Court of Appeals opinion relates only to their case.) Other factual distinctions may be found in the detailed findings in the Cole cases because they were decided after a trial with testimony from the taxpayers. But the essential patterns are indistinguishable, and the factual distinctions do not make a

difference. In these cases, as in the Cole cases, the use of multiple entities and erroneous tax reporting based on fictitious distribution of taxable income did not reflect any change in the professional practices of the taxpayers. The only apparent purpose of L & R was tax avoidance. Thus L & R lacked economic substance. L & R is therefore disregarded for tax purposes. The stipulation setting forth the liabilities of petitioners in the event that we find "that L & R is not an entity with a valid purpose and is part of a scheme lacking economic substance" will be given effect.

Penalties

Respondent has the burden of production with respect to penalties. See sec. 7491(c). The section 6651(a) additions to tax for late filing of the 2003 returns have not been contested. Although petitioners failed to raise any arguments concerning the section 6662 accuracy-related penalties, we address those briefly.

The stipulation establishes that the underpayments of tax by the senior Walkers on their returns for the years in issue are substantial understatements of income tax within the meaning of section 6662(d)(1). Respondent has also argued that the senior Walkers were negligent in failing to report the income earned by

Donald R. Walker, in claiming unsubstantiated deductions, and in failing to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. See sec. 6662(c).

Once the Commissioner has met the burden of production, as respondent has in these cases, the burden of proof that the penalties are not appropriate remains with the taxpayer. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To avoid the penalties, petitioners would have to show that they had reasonable cause and that they acted in good faith. See sec. 6664(c)(1). They have not even attempted to show either. The penalties will be sustained. To reflect the foregoing,

Decisions will be entered consistent with the stipulation and pursuant to Rule 155.